# FISCHER & MANDELL LLP
ATTORNEYS AND COUNSELORS AT LAW

550 FIFTH AVENUE – 6TH FLOOR
NEW YORK, NEW YORK 10036-5007
TEL.: (212) 840-9300
FAX.: (212) 840-9323
www.fmlaw-us.com

**MEMO ENDORSED**



BARRY R. FISCHER
ADMITTED IN NEW YORK AND FLORIDA
BFISCHER@FMLAW-US.COM

> Conference on 3/20/08 @ 2:00 P.M. (500 Pearl St, Rm 21D). Plaintiff may wish to confer with Pro Se Clerk before the conference.
>
> **SO ORDERED:**
> Date: 3/11/08
> Richard M. Berman, U.S.D.J.

RECEIVED MAR 11 2008 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 3-11-08

March 10, 2008

**By Hand**
Hon. Richard M. Berman
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Stanton Sterling Schultz v. Safra National Bank of New York
and Banco Safra, S.A. – 08 cv 02371 (RMB)

Dear Judge Berman:

This firm represents the defendants, Safra National Bank of New York ("SNB") and Banco Safra, S.A. in the above entitled matter. We write pursuant to Rule 2A of this Court's Individual Practices to request a pre-motion conference. Specifically, SNB and Banco Safra, S.A. seek this Court's permission to make a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(2). Construing the complaint in the light most favorable to plaintiff, we believe it is clear plaintiff has not stated a cause of action against SNB upon which relief can be granted. Plaintiff has also failed to affect proper service on and/or obtain jurisdiction over Banco Safra, S.A. since he simply mailed the summons and complaint to SNB, an unrelated entity, at its New York headquarters.

601 BRICKELL KEY DRIVE – SUITE 605 – MIAMI, FLORIDA 33131-2649   TEL.: (305) 577-9787   FAX.: (305) 577-8339

# FISCHER & MANDELL LLP
## ATTORNEYS AND COUNSELORS AT LAW

The plaintiff commenced this action *pro se* in New York State Supreme Court, New York County and served a summons and complaint via regular mail upon SNB on February 11, 2008. The defendants removed this action based on diversity of citizenship to the United States District Court, Southern District of New York on March 7, 2008.

Plaintiff is mistaken for several reasons in the belief that he can sustain an action against Banco Safra, S.A., a Brazilian bank, in the U.S. by serving his complaint on SNB, an unrelated entity, in New York: (i) there is no allegation against SNB in the complaint, thus it fails to state a cause of action against SNB; (ii) SNB is legally unrelated to Banco Safra, S.A., thus plaintiff's service of the summons and complaint on SNB is not consistent with the Inter-American Convention on Letters Rogatory; as a result, (iii) plaintiff has failed to obtain jurisdiction over Banco Safra, S.A.

The complaint never mentions that plaintiff was ever a customer of SNB or ever had any relationship or even communications with SNB. His sole allegation that SNB is the "U.S. branch" of Banco Safra, S.A. is simply untrue, as documentary evidence, both from SNB and independent government agencies will attest. The plaintiff has clearly brought suit against the wrong party. Since the plaintiff fails to state even one allegation against SNB, it must be dismissed for failure to state a cause of action.

With regard to Banco Safra, S.A., valid service of process is an indispensable prerequisite to the claim of personal jurisdiction over a defendant. *Ferrostaal, Inc. v. HACI HASSAN YARDIM*, No. 03 Civ. 4886, 2006 WL 2819585 (S.D.N.Y. 2006). Since SNB cannot accept service for Banco Safra, S.A., the plaintiff was required to serve Banco Safra, S.A. in Brazil, pursuant to the Inter-American Convention on Letters Rogatory ("Convention"), to which the

# FISCHER & MANDELL LLP
ATTORNEYS AND COUNSELORS AT LAW

U.S. and Brazil are signatories. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994); *Value Partners S.A. v. Bain & Co., Inc.*, 1998 WL 336648 (S.D.N.Y. 1998). Brazilian law requires that service of process from foreign nations be made pursuant to a letter rogatory or letter of request transmitted through diplomatic channels. *Matter of Commodity Futures Trading Commn. v. Nahas.*, 738 F.2d 487, 494 (D.C.Cir.1984).

The plaintiff has not claimed service on Banco Safra, S.A. through the U.S. State Department (pursuant to the Convention) or through any other means that would satisfy Brazilian law. New York courts cannot condone service of process that violates Brazilian law. *Morgenthau v. Avion Resources Ltd.*, 849 N.Y.S.2d 223 (1st Dep't 2007).

Accordingly, we seek this Court's permission to make a motion to dismiss plaintiff's complaint.

Respectfully,

Barry R. Fischer

cc: Stanton Sterling Schultz (by regular mail)
encl: Copy of removal papers/pleadings