UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————X

STANTON STERLING SCHULTZ

        Plaintiff,

                                                                          Civil Action No.
                                                                    08cv02371 (RMB)

    -against-

SAFRA NATIONAL BANK OF NEW YORK, and
BANCO SAFRA, S.A.

        Defendants.
——————————————————————X


## DEFENDANTS MEMORANDUM OF LAW
## OPPOSING REMAND TO STATE COURT
## AND IN SUPPORT OF MOTION TO DISMISS


**FISCHER & MANDELL LLP**
Attorneys for Defendants
550 Fifth Avenue-6th Floor
New York, New York 10036
(212) 840-9300

# TABLE OF CONTENTS

Page(s)

Table of Authorities……………………………………………………….i

Summary of the Argument…………………………………………………..2

Factual Background………………………………………………………....3

Argument……………………………………………………..…….....4

    **POINT I:** PLAINTIFF HAS FRAUDULENTLY JOINED SNB AND WITHOUT A REAL CONNECTION TO THE CONTROVERSY, SNB DOES NOT DEFEAT DIVERSITY ……….…......4

        A. SNB is a Nominal Party, without Any Connection to the Plaintiff or the Controversy…………………………………....5

        B. Contrary to Plaintiff's Insistence, SNB Cannot be Held Liable for Banco Safra's Alleged Conduct………………….........……7

    **POINT II:** PLAINTIFF FAILS TO STATE A CAUSE OF ACTION AGAINST SNB AND THIS CASE SHOULD BE DISMISSED IN ITS ENTIRETY AS AGAINST SNB UNDER FEDERAL RULE 12(b)(6)…………….................................……...10

Conclusion……………………………………………………………….12

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Allied Programs Corp. v. Puritan Ins. Co.*,
592 F.Supp. 1274 (S.D.N.Y. 1984)................................................................5

*Fahnestock & Co. Inc.*,
741 F.Supp. 72 (S.D.N.Y. 1990).....................................................................5

*Federal Ins. Co. v. Tyco Int'l Ltd.*,
422 F.Supp.2d 357 (S.D.N.Y. 2006) ..........................................................2, 6

*Fletcher v. Atex, Inc.*,
68 F.3d 1451 (2d Cir. 1995)............................................................................9

*Germain v. Ramirez Food Corp.*,
814 N.Y.S.2d 890 (1st Dept. 2006)..................................................................7

*In Re McDonell*,
757 N.Y.S. 2d 678 (Sup. Ct. N.Y. 2002).........................................................9

*In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*,
299 F.Supp.2d 356 (D.Del. 2004) ..............................................................2, 6

*Kalb, Voorhis & Co. v. American Fin. Corp.*,
8 F.3d 130 (2d Cir. 1993)................................................................................7

*Kuperstein v. Hoffman-Laroche, Inc.*,
457 F.Supp.2d 467 (E.D.N.Y. 1977)...........................................................5, 6

*Meshel v. Resorts Intl. of N.Y.*,
160 A.D.2d 211, 553 N.Y.S.2d 342 (1st Dep't. 1990)....................................7

*Pampillonia v. RJR Nabisco, Inc.*,
138 F.3d 459 (2d Cir. 1998).........................................................4, 5, 6, 7, 11

*Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*,
507 F.3d 117 (2d Cir. 2007)..........................................................................10

*Roundtree v. City of New York*,
778 F.Supp. 614 (E.D.N.Y. 1991)..................................................................10

*Sonnenblick-Goldman Co. v. ITT Corp.*,
912 F.Supp.85 (S.D.N.Y. 1996)......................................................................5

*TNS Holdings v. MKI Securities Corp.*,
92 N.Y.2d 335, 680 N.Y.S.2d 891, 703 N.E.2d 749 (1998).........................7

*Whitney v. New Mexico*,
113 F.3d 1170 (10th Cir. 1997).....................................................................11

**Statutes**

Federal Rules of Evidence ("F.R.E.") 401.........................................................9

F.R.E. 402............................................................................................................9

F.R.E. 901............................................................................................................9

United States Code ("U.S.C.") 28 U.S.C. § 1332..............................................4

28 U.S.C. § 1441.................................................................................................4

28 U.S.C. § 1781...............................................................................................10

Barry R. Fischer (BF0274)
FISCHER & MANDELL LLP
550 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 840-9300

Attorneys for Defendants
*Safra National Bank of New York &
Banco Safra, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STANTON STERLING SCHULTZ
         Plaintiff,

vs.

SAFRA NATIONAL BANK OF NEW YORK,
and BANCO SAFRA, S.A.
         Defendants.

---

**DEFENDANTS MEMORANDUM OF LAW
OPPOSING REMAND TO STATE COURT
AND IN SUPPORT OF MOTION TO DISMISS**

   Defendants, Safra National Bank of New York ("SNB") and Banco Safra, S.A., ("Banco Safra"), through their attorneys Fischer & Mandell LLP, submit this memorandum in opposition to the request of plaintiff, Stanton Sterling Schultz ("Schultz"), appearing *pro se*, for remand of the above-entitled action to New York State Supreme Court. The plaintiff does not defeat this Court's diversity jurisdiction and Banco Safra's right of removal merely by joining SNB, which has no connection whatsoever with the controversy. Therefore, SNB should be removed from the action and plaintiff's request to remand the action as against remaining defendant, Banco Safra, must be denied.

1

## SUMMARY OF ARGUMENT

This Court may retain jurisdiction over this case because the plaintiff fraudulently joined SNB to this action and, therefore, SNB does not defeat diversity. In a voluminous, four-part court submission[1], which contains largely irrelevant documents from unreliable sources, the plaintiff admits that his only reason for including SNB in this action is not because there exists any allegations of wrongdoing on the part of SNB, but because he mistakenly believes that he can "secure the assets" of SNB in New York as "a guarantee for enforcement" of a judgment against Banco Safra.

Plaintiff's reasoning for remanding this case is wrong for two reasons: (i) the complaint fails to allege sufficient factual foundation to support that SNB has any connection to plaintiff; and (ii) the complaint fails to allege facts that could establish a basis for piercing the corporate veil between SNB and Banco Safra for the purpose of holding SNB liable for Banco Safra's alleged acts.

Plaintiff's ultimate goal to hold SNB liable for Banco Safra's alleged wrongdoing belies his intent to join SNB in a case to which it has no connection for the sole purpose of obtaining jurisdiction over Banco Safra in New York. There is no possibility that, based on the pleadings, plaintiff can sustain a cause of action against SNB in state court. Thus, the plaintiff fails to defeat diversity jurisdiction and plaintiff's motion to remand to the state court should be denied.

---

[1] In what can only be described as a "stream of consciousness" writing, plaintiff expresses his desire to include additional parties to the action. The plaintiff appears under the impression that he is able to bring in any party he so chooses, without regard to jurisdiction, venue or forum issues, or whether a connection even exists between the parties and his case. This line of reasoning is the foundation for plaintiff's case and plagues all aspects of it. Aside from the obvious procedural defects in the manner in which plaintiff tries to add new parties, his request to do so is of no moment because the only issue currently before this Court is whether this case was properly removed from the state court. To make this determination, "[a] court must thus consider the complaint at the time of removal to determine if removal was appropriate." *Federal Ins. Co. v. Tyco Int'l Ltd.*, 422 F.Supp.2d 357, 368 (S.D.N.Y. 2006) (citing *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 299 F.Supp.2d 356, 363 (S.D.N.Y.).

2

## FACTUAL BACKGROUND

Defendants respectfully refer this Court to and incorporate the Declaration of Carlos Bertaco (hereinafter, "Bertaco Declaration"), dated March 11, 2008, together with the exhibits annexed thereto, and the Declaration of Barry R. Fischer (hereinafter "Fischer Declaration"), dated April 4, 2008, together with the exhibits annexed thereto. The plaintiff commenced this action *pro se* in New York State Supreme Court, New York County and served a summons and complaint upon SNB on February 11, 2008. A copy of the pleadings is annexed to the Fischer Declaration as Exhibit D. The defendants removed this action based on diversity of citizenship to the United States District Court, Southern District of New York on March 7, 2008. A copy of the removal papers is annexed to the Fischer Declaration as Exhibit E.

This case was assigned to the Hon. Richard M. Berman and in a letter dated March 10, 2008, SNB and Banco Safra requested permission to move for dismissal of plaintiff's action in its entirety. A copy of the March 10, 2008 Letter is annexed to the Fischer Declaration as Exhibit F. On March 20, 2008, counsel for defendants, Barry R. Fischer, and the plaintiff participated in the conference before Judge Berman.

During the conference, Schultz opposed the removal of his case to federal court and, in effect, moved for remand to state court. Following the conference, the plaintiff served defendants with documentation purporting to support his position. Neither Schultz's written argument nor the accompanying documents submitted as support elucidate any viable reason for his opposition to the removal, or grounds permitting remand.

Plaintiff does not allege being, nor has he ever been, a customer of SNB. Exhibit D at ¶ 4. Even now, as plaintiff opposes removal, he has not asserted any claims specifically against SNB, even though he has had a full and fair opportunity to detail everything SNB

3

allegedly did wrong. *See* Plaintiff's "Notice of Affirmation in Opposition to Notice of Removal", "Notice of Affirmation in Opposition to Pre-Motion Dismissal" and "Request to Proceed *in forma pauperis*" (collectively hereinafter "Opposition to Removal Papers") previously submitted to the Court. There is no disagreement that the plaintiff is a resident of Colorado and Banco Safra of Brazil, thus without SNB's presence as a defendant, diversity could not possibly be opposed. *Id*.

In the caption of the pleadings, plaintiff names "Safra National Bank of New York/ Banco Safra, S.A.," and alleges that an entity called "Safra Banking Group is the owner of Banco Safra, S.A.", while making no reference at all to SNB. *See* Exhibit D. In his complaint, plaintiff mistakenly, and without a shred of specificity, alleges that "Safra National Bank of New York is the U.S. branch of the international banking group, Banco Safra, S.A." *Id* at ¶ 2. The Complaint is devoid of any claims against SNB and focuses instead only on claims relating to banking issues he faced in Brazil, concerning Banco Safra. *Id* at ¶ 4. SNB does not exist in Brazil, nor does it have any affiliates in Brazil. Bertaco Declaration at ¶ 5 and Exhibits A, B and C annexed thereto.

## ARGUMENT

### POINT I

### PLAINTIFF HAS FRAUDULENTLY JOINED SNB AND WITHOUT A REAL CONNECTION TO THE CONTROVERSY, SNB DOES NOT DEFEAT DIVERSITY

If SNB, as a citizen of New York, were a proper party to this action, its presence would destroy diversity citizenship[2] and thereby deprive this Court of jurisdiction under

---

[2] The U.S. district courts have original jurisdiction of all civil actions where the amount in controversy equals or exceeds $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties. 28 U.S.C. § 1332(a). Corporations are citizens

4

28 U.S.C. §1441(b)[3]. *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460 (2d Cir. 1998). It is well-settled, however, that a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal where, as here, a plaintiff joins a party with no connection to the action. 138 F.3d at 460-61: *See Sonnenblick-Goldman Co. v. ITT Corp.*, 912 F.Supp.85, 88-90 (S.D.N.Y. 1996) (holding that plaintiff had "no possibility of a claim" in the proceedings and removal based on fraudulent joinder was proper); *Fahnestock & Co. Inc.*, 741 F.Supp. 72, 77 (S.D.N.Y. 1990) (concluding that defendants joined solely to defeat diversity based on obvious lack of merit to plaintiff's claims and denied plaintiff's motion for remand and granted defendants Rule 11 motion for sanctions).

To show "fraudulent joinder," SNB must show by clear and convincing evidence, either that: (i) there has been outright fraud committed in the plaintiff's pleadings; or (ii) that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the defendant in state court. *Pampillonia*, 138 F.3d 459, 460; *Allied Programs Corp. v. Puritan Ins. Co.*, 592 F.Supp. 1274, 1276 (S.D.N.Y. 1984) (joinder will be considered fraudulent when it is established that there can be no recovery against a non-diverse defendant). There must be some reasonable basis for predicting that state law might impose liability against a defendant. If not, its joinder is merely to defeat diversity and, thereby, fraudulent. *See Kuperstein v. Hoffman-Laroche, Inc.*, 457 F.Supp.2d 467, 470 ("fraudulent joinder" refers to the joinder of unnecessary or nominal parties in order to defeat federal jurisdiction).

---

of any State by which it is incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

[3] Any civil action shall be removable based upon diversity of citizenship, so long as none of the parties in interest, properly joined and served as defendants, is a citizen of the State in which it was brought. 28 U.S.C. § 1441(b).

A.  **SNB is a Nominal Party, without Any Connection to the Plaintiff or the Controversy**

The Complaint fails to allege sufficient factual foundation to support a claim that SNB has any connection to the plaintiff or the alleged controversy between plaintiff and Banco Safra, and, therefore, SNB's presence as a defendant cannot defeat diversity. *Pampillonia*, 138 F.3d 459, 460. As evidenced by the pleadings, and as the plaintiff essentially agrees in his "motion" papers, he makes no claims against SNB. *See* Opposition to Removal Papers. It is upon plaintiff's initial pleadings that this Court must decide whether removal was appropriate. *See Kuperstein*, 457 F.Supp.2d at 470; *Federal Ins. Co. v. Tyco Int'l Ltd.*, 422 F.Supp.2d 357, 368 (S.D.N.Y. 2006) (*citing In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 299 F.Supp.2d 356, 363 (S.D.N.Y.)) However, even if the Court were to consider plaintiff's additional submissions, he has now had ample opportunity to make allegations against SNB, but has not done so. For a *pro se* plaintiff, he has certainly found the time and resources to amass a mountain of "exhibits", responses, Internet printouts and his own summary of events. Yet, in all that drafting and research the plaintiff still does not assert any claims of wrongdoing as against SNB.

The plaintiff makes clear in his moving papers and in his pleadings that he believes SNB should a party to this action purely for jurisdictional reasons and for the misguided assumption that it will "guarantee" enforcement of any judgment he may obtain against Banco Safra. *See* Opposition to Removal Papers. The plaintiff does not seem to comprehend a fundamental aspect of law: that one may not bring a lawsuit against another in New York State, or anywhere in the United States, merely for jurisdictional and judgment purposes, without an underlying basis in law and fact.

6

SNB and Banco Safra properly removed this action based upon diversity, as the plaintiff is a resident of Colorado and Banco Safra is a resident of Brazil. *See* Exhibit D. SNB, which has its principal place of business in New York, was not plausibly entertained as a proper party to this action since the plaintiff failed to assert any claims against it and admitted SNB was brought into the action to obtain jurisdiction and assist collecting of a judgment. *See* Opposition to Removal Papers.

### B. Contrary to Plaintiff's Insistence, SNB Cannot be Held Liable for Banco Safra's Alleged Conduct

SNB is separate from Banco Safra and, therefore, cannot be held liable for Banco Safra's alleged wrongdoing. *Pampillonia*, 138 F.3d 459, 462; *Sonnenblick-Goldman Co.*, 912 F.Supp. at 89. The plaintiff's Complaint fails to allege facts that could establish a basis for piercing the numerous corporate veils between SNB and Banco Safra for the purpose of holding SNB liable for Banco Safra's alleged acts. In reality, the only "facts" alleged regarding SNB is that it has an office in New York. Exhibit D at page 2.

Piercing the corporate veil is a state law claim, and thus analyzed under New York law. *Kalb, Voorhis & Co. v. American Fin. Corp.*, 8 F.3d 130, 132 (2d Cir. 1993). As a rule, parent, subsidiary, and/or affiliated corporations are treated separately and independently so that one will not be held liable for the acts of the other absent a demonstration that there was an exercise of complete dominion and control. *Meshel v. Resorts Intl. of N.Y.*, 160 A.D.2d 211, 213, 553 N.Y.S.2d 342 (1990). Here, neither SNB nor Banco Safra have any connection to each other, nor does either exercise control over the business affairs of the other. Even if plaintiff could demonstrate that either entity exercised some level of control over the other, it would not be enough to hold one liable for the acts of the other. *TNS Holdings v. MKI Securities Corp.*, 92 N.Y.2d 335, 339, 680

N.Y.S.2d 891, 703 N.E.2d 749 (1998) (evidence of domination alone does not suffice without an additional showing that it led to inequity, fraud or malfeasance); *Germain v. Ramirez Food Corp.,* 814 N.Y.S.2d 890 (1st Dept. 2006) (an action brought in the name of the wrong party should result in a dismissal of the complaint). Plaintiff's futile attempts to manufacture a legal and/or corporate connection between SNB and Banco Safra don't even include a claim that Banco Safra was "dominated" or "controlled" by SNB (or vice-versa), since in fact they are not. *See* Bertaco Declaration ¶ 5.

As foundation for his conclusion that SNB is liable for the alleged acts of Banco Safra, plaintiff relies almost exclusively on the allegation that Joseph Safra is indirectly a majority shareholder in both SNB and Banco Safra and that the companies share a common word in their names, "Safra". The concept of totally, legally separate corporate identities is lost on Schultz.

SNB's Articles of Association expressly outline how it engages in business in the United States. *See* Exhibit C to Bertaco Declaration. While its main office is in New York County, there are just two other branches of SNB in Florida, Dade County. Bertaco Declaration at ¶ 1. The Articles of Association further state that the business of SNB is conducted only out of its main office in New York and two branches in Florida. *See* Exhibit C to Bertaco Declaration. There is no reference to any connection of any sort between SNB and Banco Safra, S.A., or with Brazil[4].

---

[4] *See* Exhibit D to Fischer Declaration. A single sheet of paper with the headline "The Joseph Safra Family Companies" accompanied plaintiff's pleadings. The document shows eleven separate banking institutions, surrounding a circle with the total assets of all companies combined. *Id.* There are lines drawn from each companies circle to the main circle showing this total number. The plaintiff drew his own circle around Banco Safra, S.A. and SNB, apparently attempting to show how they are somehow legally related. *Id.* However, he failed to notice the particular lines drawn between some of the smaller circles and one another, which could possibly establish if one company is legally related to the other. *Id.* A proper reading of this document produced by the plaintiff himself shows Banco Safra, S.A. is related to only one other company, Banco Safra Cayman Islands Limited, not SNB. *Id.*

8

There is documentation showing that SNB has corporate relationships with various other financial institutions, however, there is no evidence showing that SNB and Banco Safra are in any way interconnected and legally responsible for one another. The plaintiff illustrates that one could plausibly believe SNB is inter-related to eight other financial institutions in the U.S., but none of them are Banco Safra. Where, as here, there is a corporate existence, separate and apart from one another, to the extent that a claim is truly addressed to one [corporation] as opposed to the other, a plaintiff is clearly seeking relief from the wrong party. *In Re McDonell*, 757 N.Y.S. 2d 678 (Sup. Ct. N.Y. 2002).

The plaintiff apparently brought this same suit in Brazil against Banco Safra and lost. In an attempt to circumvent his loss against Banco Safra in Brazil (the only apparent proper venue, forum and jurisdiction for his case) plaintiff dragged SNB into his dispute with Banco Safra solely for jurisdictional purposes and to maneuver Banco Safra into New York State Courts. *See* Opposition to Removal Papers. Apparently, his Internet search uncovered SNB and he believed he could come to New York and file suit against SNB for the alleged actions of Banco Safra, in Brazil. The plaintiff is wrong.

If the plaintiff desires to hold SNB liable for the alleged acts of Banco Safra, his only legal recourse would be to attempt to pierce the corporate veil. He cannot merely claim a tenuous connection between SNB and Banco Safra, but is required to produce admissible evidence showing their interconnection[5]. Schultz must further demonstrate

---

[5] A large volume of documents, which are seemingly in Portuguese, have been provided by Schultz. These documents are immaterial with regard to the plaintiff's desire to remand, as most have not been translated to English, authenticated or even brought to the attention of the Court as required by the Court's local rules. http:sdnyinterpreters.org/index.php?page+for_attorneys.html. The plaintiff's printed map, which purports to show that Banco Safra is located in the basement of SNB is not only absurd, but again, from an unknown source, as is nearly all of plaintiff's attached documentation. Much of plaintiff's "evidence" appears to be concocted and unverifiable. A keystone of evidentiary jurisprudence is that documents be authenticated and relevant. Federal Rules of Evidence Rule 401, 402 and 901(a). Wikipedia is a web-based type of encyclopedia which is for entertainment. It is a website where anyone, without verification, can write information about various topics without oversight and usually is riddled with errors.

9

that SNB and Banco Safra is one economic unit and/or that one is a mere instrumentality or alter-ego of the other. *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1457 (2d Cir. 1995). In this case, it is an exercise in futility because there is no connection between SNB and Banco Safra. *See* Bertaco Declaration.

The plaintiff cannot now attempt to defeat removal (which would have no actual benefit for plaintiff) merely by making self-serving and conclusory statements without admissible evidence and a coherent basis for liability. Thus, the connection plaintiff draws between SNB and Banco Safra is non-existent and without it, there is no cognizable reason for SNB to be a party to this action and the action must remain in federal court[6].

### POINT II

### PLAINTIFF FAILS TO STATE A CAUSE OF ACTION AGAINST SNB AND THIS CASE SHOULD BE DISMISSED IN ITS ENTIRETY AS AGAINST SNB UNDER FEDERAL RULE 12(b)(6)

Based on the foregoing analysis, it is further apparent the plaintiff fails to make any allegations of wrongdoing against SNB and, therefore, the complaint should be dismissed in its entirety as against SNB for plaintiff's failure to state a claim, pursuant to Rule 12(b)(6). *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117 (2d Cir. 2007) (plaintiff's factual allegations must be enough to give the defendants fair notice of what the claim is and the grounds upon which it rests); *Roundtree v. City of New York*,

---

[6] As SNB is not a proper party to this action, plaintiff's only claims lay against Banco Safra. Moreover, plaintiff will have four significant hurdles to clear in any court to maintain an action in the United States against Banco Safra: (i) process was only served on SNB, not Banco Safra, thus there is no jurisdiction over Banco Safra in this matter; (ii) Under the Inter-American Convention on Letters Rogatory, U.S. process against a Brazilian entity must be served by Letters Rogatory. *See* 28 U.S.C. § 1781; (iii) no long-arm jurisdiction exists, as the plaintiff himself admitted that no events took place in New York or have any connection with New York (or the United States for that matter); (iv) finally, plaintiff would face a monumental challenge in overcoming a *forum non-conveniens* argument, since he admits all of the alleged actions took place in Brazil, with a Brazilian bank, while the plaintiff resided in Brazil, with all of the required evidence and witnesses in Brazil and this matter has already been adjudicated in Brazil.

778 F.Supp. 614 (E.D.N.Y., 1991) (plaintiff's complaint must set forth legally cognizable claims, or be dismissed).

The fact that this plaintiff brings his case before the court *pro se* does not afford him automatic protection from dismissal for his inadequate pleading. While a *pro se* complaint may be liberally construed, courts will not supply "additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

Here, allegations against SNB are conspicuously absent from plaintiff's complaint. *See* Exhibit D. Plaintiff fails to make any specific claims, or even generalized claims against SNB. *Id.* Instead, the complaint details how the plaintiff was allegedly wronged by Banco Safra, S.A. – an entity completely unrelated to SNB – based on occurrences that allegedly took place in Brazil. Exhibit D at ¶ 3. There is no mention in the complaint that SNB was ever involved in these alleged occurrences. Schultz was never a client of SNB. SNB never had any dealings or communications with Schultz, nor did SNB ever lead him to believe it was in some way connected to Banco Safra, S.A. *Id.*

While it may be expected that a *pro se* plaintiff will draft a legally incoherent complaint, the court cannot engage in "judicial gymnastics to contort" the complaint to somehow create allegations of a cause of action against SNB where the plaintiff failed to do so himself. *See Whitney*, 113 F.3d 1170, 1171. As the Second Circuit reasoned in *Pampillonia*, where, as here, there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against a fraudulently joined defendant, plaintiff's motion to remand must be denied and the defendant must be dismissed as a party to the action. 138 F.3d at 462.

11

## CONCLUSION

For at least the foregoing reasons, as there is no possibility, based on the pleadings or extrinsic documents that plaintiff can state a cause of action against SNB in state court, plaintiff's request for remand must be denied as complete diversity exists and SNB should be dismissed as a party to this action.

Dated: New York, New York
       April 4, 2008

Respectfully submitted,

Barry R. Fischer (BF0274)
Fischer & Mandell LLP
550 Fifth Avenue – 6th Floor
New York, New York 10036
Tel.: (212) 840-9300
Fax: (212) 840-9323

Attorneys for Defendants
*Safra National Bank of New York &*
*Banco Safra, S.A.*