Barry R. Fischer (BF0274)
FISCHER & MANDELL LLP
550 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 840-9300

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STANTON STERLING SCHULTZ
                                Plaintiff,

vs.

SAFRA NATIONAL BANK OF NEW YORK,
and BANCO SAFRA, S.A.
                                Defendants.

---

## DECLARATION

Carlos Bertaco Bomfim, hereby declares, under penalties of perjury of the laws of the United States, that:

1. I am the Controller of Safra National Bank of New York. I am fully aware of the applicable legal status of Safra National Bank of New York, its principal place of business, place of incorporation, organizational structure and authority to operate.

2. Safra National Bank of New York is a United States national banking corporation, conducting banking operations exclusively in the United States, with a principal place of business in New York County, New York, and two branches in Dade County, Florida.

3. Safra National Bank of New York is not a branch of Banco Safra, S.A., or legally related to Banco Safra, S.A.

1

4. Banco Safra, S.A. has no authority, ability or power to control Safra National Bank of New York.

5. Safra National Bank of New York is an independent U.S. national banking company, which has no ability to control, impact or direct Banco Safra, S.A., nor has it ever held itself out as such.

6. Attached hereto as Exhibit A is the Certificate from the Comptroller of the Currency of the Treasury Department of the United States authorizing the commencement of business as a national bank.

7. Attached hereto as Exhibit B is a Certification from the Department of the Treasury, Internal Revenue Service, certifying Safra National Bank of New York is a U.S. Corporation.

8. Attached hereto as Exhibit C is the Articles of Association for Safra National Bank of New York, filed with the Comptroller of the Currency.

Dated: New York, New York
       March 11th, 2008

State of New York
County Of _NEW YORK_

_____
Carlos Bertaco Bomfim

KAREN DA-IN CHANG
Notary Public, State of New York
No. 01CH5004133
Qualified in Queens County
Certificate Filed in New York County
My Commission Expires Nov. 8, 2010

2

**EXHIBIT A**

# Comptroller of the Currency
TREASURY DEPARTMENT OF THE UNITED STATES
Washington, D. C.

**Whereas,** satisfactory evidence has been presented to the Comptroller of the Currency that

**SAFRA NATIONAL BANK OF NEW YORK**

located in NEW YORK, State of NEW YORK, has complied with all the provisions of the Revised Statutes of the United States required to be complied with before being authorized to commence the business of Banking as a National Banking Association;

**Now, therefore,** I hereby certify that the above-named association is authorized to commence the business of Banking as a National Banking Association.

In testimony whereof, witness my signature and seal of office this 1st day of JANUARY 1987

_[signature]_
Deputy Comptroller of the Currency

Charter No. 20948

**EXHIBIT B**



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
PHILADELPHIA, PA 19255

CERTIFICATION
PROGRAM

Date: March 14, 2007

Taxpayer: SAFRA NATIONAL BANK OF NEW YORK
TIN: 13-3379508
Tax Year: 2005

I certify that the above-named corporation is a U.S. corporation, and a resident of the United States of America for purposes of U.S. taxation.

Andrew L. Zuckerman
Field Director, Philadelphia Accounts Management Center

Form 6166 (Rev. 3-2006)    Catalog Number 43134V    Department of the Treasury-Internal Revenue Service

**EXHIBIT C**

20

Filed
Comptroller of The Currency
Northeastern District
Date 9/19/86



RECEIVED
SEP 16 1986
NEW YORK

# SAFRA NATIONAL BANK OF NEW YORK

## ARTICLES OF ASSOCIATION

SAFRA NATIONAL BANK OF NEW YORK

ARTICLES OF ASSOCIATION

FOR THE PURPOSE OF ORGANIZING AN ASSOCIATION TO CARRY ON THE BUSINESS OF BANKING UNDER THE LAWS OF THE UNITED STATES, THE UNDERSIGNED DO ENTER INTO THESE ARTICLES OF ASSOCIATION:

FIRST: The title of this Association shall be Safra National Bank of New York.

SECOND: The Main Office of this Association shall be in the City of New York, County of New York, State of New York. The general business of this Association shall be conducted at its Main Office and its branches.

THIRD: The Board of Directors of this Association shall consist of not less than five nor more than twenty-five Shareholders. The exact number of Directors of this Association shall be fixed and determined from time to time by resolution of a majority of the full Board of Directors of this Association or by resolution of the Shareholders of this Association at any Annual or Special Meeting thereof. Each Director, during the full term of his or her directorship, shall own a minimum of $1,000 aggregate par value of stock of this Association or a minimum par market value or equity interest of $1,000 of stock in the bank holding company controlling this Association. Any vacancy in the Board of Directors of this Association may be filled by action of such Board of Directors.

FOURTH: There shall be an Annual Meeting of the Shareholders of this Association to elect Directors and transact whatever other business may be brought before the meeting. Such Annual Meeting shall be held at the Main Office of this Association or at any other convenient place the Board of Directors of this Association may designate, during the month of each year specified therefore in the By-Laws of this Association, but if no election is held during such month, it may be held on any subsequent day according to such lawful rules as may be prescribed by such Board of Directors.

Nominations for election to the Board of Directors of this Association shall be made by such Board of Directors and may be made by any Shareholder of any outstanding class of capital stock of this Association entitled to vote for election of Directors. Nominations other than those made by or on behalf of the existing Association management shall be made in writing and be delivered or mailed to the President of this Association and to the Comptroller of the Currency, Washington, D.C., not less than 14 days nor more than 50 days prior to any meeting of Shareholders called for the election

-1-

of Directors, provided, however, that if less than 21 days notice of the meeting is given to Shareholders, such nomination shall be mailed or delivered to the President of this Association and to the Comptroller of the Currency not later than the close of business on the seventh day following the day on which the notice of meeting was mailed. Such notification shall contain the following information to the extent known to the notifying Shareholder: (a) the name and address of each proposed nominee; (b) the principal occupation of each proposed nominee; (c) the total number of shares of capital stock of this Association that will be voted for each proposed nominee; (d) the name and residence address of the notifying Shareholder; and (e) the number of shares of capital stock of this Association owned by the notifying Shareholder.

FIFTH: The authorized amount of capital stock of this Association shall be 200,000 shares of common stock of the par value of one hundred dollars ($100) each; but said capital stock may be increased or decreased from time to time, according to the provisions of the laws of the United States.

Pre-emptive Rights. No holder of shares of the capital stock of any class of this Association shall have any pre-emptive or preferential right of subscription to any share of any class of stock of this Association, whether now or hereafter authorized, or to any obligations convertible into stock of this Association, issued, or sold, nor any right of subscription to any thereof other than such, if any, as the Board of Directors of this Association, in its discretion, may from time to time determine and at such price as such Board of Directors may from time to time fix.

Issuance of Debt Obligations. This Association, at any time and from time to time, may authorize and issue debt obligations, whether or not subordinated, without the approval of the Shareholders of this Association.

SIXTH: The Board of Directors of this Association may appoint one of its members President of this Association, who shall be Chairperson of the Board of Directors of this Association, unless such Board of Directors appoints another Director to be the Chairperson. The Board of Directors of this Association shall have the power to appoint one or more Vice Presidents; and to appoint a Cashier and such other officers and employees as may be required to transact the business of this Association.

The Board of Directors of this Association shall have the power to appoint and define the duties of the officers and employees of this Association; to fix the salaries to be paid to them; to dismiss any of them at pleasure; to require bonds from them and to fix the penalty thereof; to

-2-

regulate the manner in which any increase of the capital of this Association shall be made; to manage and administer the business and affairs of this Association; to make all By-Laws that it may be lawful for such Board to make; and generally to perform all acts that are legal for a Board of Directors to perform.

SEVENTH: The Board of Directors of this Association shall have the power to change the location of the Main Office of this Association to any other place within the limits of New York, New York, without the approval of the Shareholders of this Association, and shall have the power to establish or change the location of any branch or branches of this Association to any other location, without the approval of the Shareholders of this Association.

EIGHTH: The corporate existence of this Association shall continue until terminated according to the laws of the United States.

NINTH: The Board of Directors of this Association, or any one or more Shareholders owning, in the aggregate, not less than 10 percent of the stock of this Association, may call a Special Meeting of Shareholders of this Association at any time. Unless otherwise provided by the laws of the United States, a notice of the time, place, and purpose of every Annual and Special Meeting of the Shareholders of this Association shall be given by first-class mail, postage prepaid, mailed at least 10 days prior to the date of the meeting to each Shareholder of record at his/her address as shown upon the books of this Association.

TENTH: To the fullest extent permitted from time to time by general standards of law, as evidenced by the laws of the State of New York or the provisions of the Model Business Corporation Act of the American Bar Foundation, whichever, at the time, under pertinent facts and circumstances, are most permissive as to the indemnification provided for in this Article, and subject to the approval of such persons as may be required by law, this Association shall indemnify and hold harmless each Director or Officer of this Association for and against any and all liabilities, or expenses actually and reasonably incurred by him or her in connection with any action, suit, or proceeding, either civil, criminal, administrative, investigative, or other (including any thereof brought by or in the right of this Association) arising out or by reason of his/her performance of his/her official duties with this Association or his/her service to this Association in any capacity.

For purposes hereof, service to this Association shall include, without limitation, a Director's or Officer's service as a fiduciary of any employee benefit plan established or maintained by this Association and his service in any capacity to or with any other enterprise or

-3-

organization at the request of this Association or as a result of his/her capacity as a Director or Officer or this Association.

If expressly authorized at the time by the Board of Directors of this Association, any person who is not a Director or Officer of this Association may be indemnified to the same extent as provided in this Article for Directors and Officers of this Association or to such lesser extent as the Board of Directors may prescribe.

This Association may purchase and maintain insurance to protect itself and any Director or Officer of this Association, or other person, against liabilities, costs, or expenses for which indemnification is provided for in this Article.

The indemnification provisions of this Article shall be applicable to persons who have ceased to be Directors, Officers, or employees of this Association and shall also inure to the benefit of the heirs, executors, and administrators of persons entitled to indemnity hereunder.

Nothing contained in this Article shall authorize this Association to indemnify any person, or to provide insurance that would indemnify any person, who is adjudged guilty of, or liable for, gross neglect of duty, willfull misconduct or criminal acts in the performance of his or her duties or to indemnify any person against expenses, penalties, or other payments incurred by him or her in an administrative proceeding or action instituted by an appropriate bank regulatory agency which results in a final order assessing civil money penalties or requiring affirmative action in the form of payments to this Association.

The indemnification provisions of this Article shall not be exclusive of any other rights to which any indemnified person, his/her heirs, executors, and administrators, may be otherwise entitled as a matter of law.

ELEVENTH: These Articles of Association may be amended at any regular or special meeting of the Shareholders of this Association by the affirmative vote of the holders of a majority of the stock of this Association, unless the vote of

-4-

the holders of a greater amount of stock is required by law, and in that case by the vote of the holders of such greater amount.

IN WITNESS WHEREOF, we have hereunto set our hands this 2nd day of September, 1986.

_____  
Joseph Chu

_____  
Purna B. Bhattacharya

_____  
Josephine Gomez

_____  
Helio Albert Sarfaty

_____  
Marion J. Hornecker

-5-