Barry R. Fischer (BF0274)
FISCHER & MANDELL LLP
550 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 840-9300

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------

STANTON STERLING SCHULTZ

                                        Plaintiff,

        vs.


SAFRA NATIONAL BANK OF NEW YORK,
and BANCO SAFRA, S.A.

                                        Defendants.

----------------------------------------------------------

## DECLARATION OF BARRY R. FISCHER

        I, Barry R. Fischer, declare under penalty of perjury of the laws of the United

States, as follows:

1.  I am an attorney duly admitted to practice law before the courts of the State of

    New York and the United States District Court for the Southern District of New

    York. I am a member of the firm of Fischer & Mandell LLP, counsel for

    defendants Safra National Bank of New York and Banco Safra, S.A.

2.  I submit this declaration in support of defendants' opposition to plaintiff's

    request to remand this action to the courts of the State of New York.

3.  A true and accurate copy of the complaint is attached hereto as Exhibit D.

4.  A true and accurate copy of the removal papers is attached hereto as Exhibit E.

Dated: New York, New York
        April 4, 2008

                                        Barry R. Fischer (BF0274)

**EXHIBIT D**

[Print in black ink all areas in bold letters. Other spaces are for court use.]

At the Office for the Self-Represented of the Supreme Court of the State of New York, held in for the County of New York at the County Courthouse, 60 Centre Street, New York, N. Y., on the 4 day of February, 200 8

NEW YORK
COUNTY CLERK'S OFFICE

FEB 07 2008

NOT COMPARED

PRESENT: HON.   **HON. JOHN E.H. STACKHOUSE**
Justice of the Supreme Court

-------------------------------------------------------------x

In the Matter of the Application of

*Stanton Sterling Schultz*,
[fill in name(s)]                    (Plaintiff(s))/Petitioner(s)

For permission to Prosecute as a Poor Person an Action/Proceeding pursuant to Article 11 of the Civil Practice Law and Rules

- against -

*Safra National Bank of New York / Banco Safra S.A.*,
[fill in name(s)]                    (Defendant(s))/Respondent(s)

-------------------------------------------------------------x

Index Number

*Y00265/08*

POOR PERSON ORDER

Upon the annexed affidavit of *Stanton Sterling Schultz* [your name], plaintiff/petitioner sworn to, _____, 200___, [date Affidavit in Support signed in front of a notary], the summons/summons with notice/ verified complaint/petition and certificate of _____, Esq., dated _____, 200___.

And it being alleged that said plaintiff/petitioner has a good cause of action or claim based ALLEGING THAT upon [briefly describe the nature of the lawsuit] *Supporting documents, proving that Safra Banking Group, owner of Banco Safra S.A. is under investigation for criminal violations of the Central Bank Resolution 2878. Violations include transferring funds from checking account to separate investment account with Safra brokerage without previous written or electronic authorization by plaintiff. Violations caused plaintiff's bankruptcy. filed .*
And it being alleged that he/she is unable to pay the costs, fees and expenses to prosecute this action, and that there is no other person beneficially interested in the action thereof,

Now on motion of *Stanton Sterling Schultz* [your name] plaintiff/petitioner it is hereby

Ordered that, plaintiff/petitioner is permitted to prosecute this action as a poor person against [name(s) of defendant(s)/respondent(s)] *Safra National Bank of New York / Banco Safra S.A.*
and it is further

Ordered that any recovery by judgment or settlement in favor of the plaintiff/petitioner shall be paid to the Clerk of the Court to await distribution pursuant to court order, and it is further

Ordered that the Clerk of this Court is directed to make no charge for costs or fees in connection with the prosecution of this case, including one certified copy of the judgment.
ENTER:

11-06

**HON. JOHN E.H. STACKHOUSE**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------x

_Stanton Sterling Schultz_

_____,

**[your name(s)]**                    Plaintiff(s)

- against -

_Safra National Bank of New York/_
_Banco Safra S.A._

**[name(s) of party being sued]**      Defendant(s)

----------------------------------------x

**SUMMONS**

**Index Number**

_400265/08_

**Date Index Number purchased**

_February 7_, 200 _8_

To the Person(s) Named as Defendant(s) above:

    PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint
of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address
indicated below within 20 days after service of this Summons (not counting the day of service
itself), or within 30 days after service is complete if the Summons is not delivered personally to you
within the State of New York.

    YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered
against you by default for the relief demanded in the complaint.

Dated:_____, 200___

**[date of summons]**

NEW YORK
COUNTY CLERK'S OFFICE

FEB 07 2008

NOT COMPARED
WITH COPY FILE

_Stanton Schultz_

**[sign your name]**

_Stanton Schultz_

**[print your name]**

_400 S. Race St._
_Denver, CO 80209_
_(303) 744-1106_

**[your address(es), telephone number(s)]**

Defendant(s) _Safra National Bank of_      _546 Fifth Ave._
_New York (Group)_                          _New York, NY 10036_
_Banco Safra S.A._                          _(212) 704-5500_

**[address(es) of defendant(s)]**

<u>Venue</u>: Plaintiff(s) designate(s) New York County as the place of trial. The basis of this designation
is: **[check box that applies]**
    □ Plaintiff(s) residence in New York County
    □ Defendant(s) residence in New York County
    □ Other **[See CPLR Article 5]**: _____

7-06

APS MARKETING GROUP  718-246-7800

46-3004R-100M92

## COUNTY CLERK, NEW YORK COUNTY

Application for INDEX NUMBER pursuant to Section 8018, C.P.L.R.

### FEE $210.00

Space below to be TYPED or PRINTED by applicant

| INDEX NUMBER |
|---|
| 400265/08 |
| Do not write in this space |

## TITLE OF ACTION OR PROCEEDING

Stanton Sterling Schultz

VS.

Safra National Bank of New York / Banco Safra S.A. Banking Group

### CHECK ONE

| | |
|---|---|
| ☐ COMMERCIAL ACTION | ☑ NOT COMMERCIAL ACTION |
| ☐ CONSUMER CREDIT TRANSACTION | ☑ NOT CONSUMER CREDIT TRANSACTION |
| ☐ THIRD PARTY ACTION | ☑ NOT THIRD PARTY ACTION |

**IF THIRD PARTY ACTION MAIN INDEX NO.** _____

NEW YORK
COUNTY CLERK'S OFFICE

FEB 07 2008

NOT COMPARED
WITH COPY FILE

| | |
|---|---|
| **Name and address of Attorney for Plaintiff or Petitioner. Telephone No.** | Self-represented 400 South Race St. Denver, CO 80209  Phone : (303) 744-1106 |
| **Name and address of Attorney for Defendant or Respondent. Telephone No.** | Safra National Bank of New York (Group) / Banco Safra S.A. 546 Fifth Ave. New York, NY 10036  Phone : (212) 704-5500 |

**A.**  Nature and object of action or Nature of special proceeding  Negligence ; Banking violations of criminal nature

**B.**  Application for Index Number filed by:  Plaintiff ☒  Defendant ☐

**C.**  Was a previous Third Party Action filed  Yes ☐  No ☒
Date filed _____

Index No 400265/08

Supreme Court of the State of New York,
County of New York

Stanton Sterling Schultz
                              Plantiff

         against

NEW YORK
COUNTY CLERKS OFFICE

FEB 07 2008

NOT COMPARED
WITH COPY FILE

Safra National Bank of New York
Banco Safra S.A. (Banking Group)

                              Defendant


Complaint

To the Supreme Court of the State of New York

        The complaint of the Plantiff, Stanton Sterling
Schultz, respectfully shows and alledges as follows:

1.) The Plantiff herein, Stanton Sterling Schultz, is a
US citizen with residence in State of Colorado, residing at
700 S. Race St., Denver, CO.

2.) The defendant, Safra National Bank of New York, is the
U.S branch of the international banking group, Banco Safra, S.A.,
with address in NYC at 546 Fifth Ave., New York, NY.

3.) Plantiff Stanton Schultz was banking customer at
Banco Safra branch since 1999 and actively invested

NEW YORK
COUNTY CLERK'S OFFICE

FEB 07 2008

NOT COMPARED
WITH COPY FILE

in Brazilian stock market through another account opened with Safra Brokerage.

4.) Beginning in 2002 through 2003, Safra Bank began making transactions between the two separate accounts, checking account and investment account with Safra Brokerage without proper authorization, which by Resolution of the Central Bank of Brazil № 2878, demands that such authorization be in writing or electronic message. Such written authorization was never given.

5.) Trading volatility, with the uncertainty of the beginning of the Iraque War, increased. Collusion among bank employees and Brokerage employees forced liquidation of position even though verbally authorization had been given.

6.) Case was brought before Brazilian court, supporting Bank of Safra's claim that there had been no verbal agreement. Assuming no verbal agreement was made to transfer funds from checking account, above and beyond limit of $7,500, then Bank is in violation of Resolution 2878, of the Central Bank of Brazil, which prohibits such transfers without written or electronic authorization.

7.) Bank and Brokerage are being investigated for criminal violations to such unauthorized transfers, as well as falsifying documents and dates on contract between Plantiff and Safra Brokerage.



NEW YORK
COUNTY CLERKS OFFICE

FEB 07 2008

NOT COMPARED
WITH COPY FILE

8.) Violated transactions, non-authorized by Plaintiff, based on banking law and customer/banking consumer law were basis for des-structuring Plaintiff's financial position, causing Plaintiff to file for bankruptcy in State of Colorado in 2003.

9.) By reason of the facts and circumstances stated above and attached documents, plaintiff has been damaged by defendent, on 21 February 2003, in the Sum of $154,600.00 in compensatory damages.

(a.) Moral damages for caused suffering to plaintiff from defendent's intention to cause damages (from Bank and Brokerage employee collusion/negligence) estimated to be $342,875.00

Wavefore, plaintiff demands judgement against the defendent in the sum of compensatory and moral damages: $497,475, plus interest from February 21, 2003, costs and disbursements, together with any other relief, including punitive/exemplary damages, the Court finds to be just and proper.

Dated: February 4, 2008

Stanton Schultz
Stanton Schultz
400 S. Race St
Denver, CO 80209
(303) 744-1106

NEW YORK
COUNTY CLERKS OFFICE

FEB 07 2008

VERIFICATION

NOT COMPARED
WITH COPY FILE

_Stanton Sterling Schultz_, being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know

the contents thereof. The same are true to my knowledge, except as to matters therein stated

to be alleged on information and belief and as to those matters I believe them to be true.

_Stanton Schultz_
**[sign your name in front of a Notary]**

_Stanton Sterling Schultz_
**[print your name]**

State of New York
County of New York

Sworn to before me this
FEB 0 4 2008
_____ day of _____, 200___

_Margaret Schwartz_
Notary Public

MARGARET A. SCHWARTZ
Notary Public, State of New York
Reg. No. 04SC6152068
Qualified in New York County
Commission Expires Aug. 23, 20_10_

SampleCompl4-06



# Safra National Bank
## of New York

About Safra | Products | Assets | Log In

**Dependable Investment.**
**Solutions Through All Market Climates**

You are here: Home > **Contact Us**

## Contact Us



**Branch Location**

546 Fifth Avenue
New York, NY 10036
(212) 704-5500
Email address: support@safra.com



©2004 Safra National Bank of New York. All rights reserved.
Member FDIC.  Equal housing lender.
Please read our disclaimer.

NEW YORK
COUNTY CLERK'S OFFICE

FEB 07 2008

NOT COMPARED
WITH COPY FILE

# THE JOSEPH SAFRA FAMILY COMPANIES
## JUNE 2007

US$ Million



(1) Financial Companies    (2) Non-financial Companies    (3) Participation is shared    (*) Off Balance Sheet

**EXHIBIT E**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------X

STANTON STERLING SCHULTZ,                    :

           Plaintiff,                          :

      - against -                                 :

SAFRA NATIONAL BANK OF NEW YORK, and      :
BANCO SAFRA, S.A.

           Defendants.                         :

                                    :

Index No. 400265/08

------------------------------------------------------------------X

## NOTICE OF REMOVAL TO FEDERAL COURT

To:    The Clerk of the Supreme Court of the State of New York
       County of New York
       60 Centre Street
       New York, New York 10007

      In compliance with 28 U.S.C.§1446, you are hereby notified that the defendants,

Safra National Bank of New York and Banco Safra, S.A., have removed this case to the

United States District Court for the Southern District of New York. A true and correct

copy of defendants' Notice of Removal is attached hereto as Exhibit A.

Dated:  New York, New York
        March 7, 2008

                          FISCHER & MANDELL LLP
                           Attorney for Defendants

              By:_____
                         Barry R. Fischer
                         550 Fifth Avenue – 6th Floor
                         New York, New York 10036
                         (212) 840-9300

cc:    Stanton Sterling Schultz
       400 S. Race St.
       Denver, Colorado 80209
       (303) 744-1106

JS 44C/SDNY
REV. 12/2005

**CIVIL COVER SHEET**

08 CV 02371

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| STANTON STERLING SCHULTZ | SAFRA NATIONAL BANK OF NEW YORK and 0 7 2008<br>BANCO SAFRA, S.A. |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Pro Se<br>400 S. Race St., Denver, CO 80209, (303) 744-1106 | Fischer & Mandell LLP<br>550 Fifth Avenue, 6th Floor, New York, NY 10036, (212) 840-9300 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Colorado resident filed suit in New York State Court against a domestic bank and a Brazilian bank for alleged improprieties occuring in Brazil. (Diversity, 28 U.S.C. 1332) (Removal, 28 U.S.C. 1441)

Has this or a similar case been previously filed in SDNY at any time? No [x] Yes? [ ] Judge Previously Assigned

If yes, was this case Vol [ ] Invol. [ ] Dismissed. No [ ] Yes [ ] If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*                        NATURE OF SUIT

**ACTIONS UNDER STATUTES**

**TORTS**

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[x] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 HIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $_____ OTHER _____    JUDGE _____    DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES [x] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

*(PLACE AN x IN ONE BOX ONLY)*    **ORIGIN**

☐ 1 Original Proceeding  ☐ 2a. Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from (Specify District)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge Judgment

☑ 2b. Removed from State Court AND at least one party is a pro se litigant

*(PLACE AN x IN ONE BOX ONLY)*    **BASIS OF JURISDICTION**    **IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)**

☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY)  ☒ 4 DIVERSITY

### CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [x] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [x] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [x] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

400 S. Race St.
Denver, CO 80209

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

Safra National Bank of New York
546 Fifth Avenue
New York, New York 10036

Banco Safra, S.A.
Av. Paulista, 2100
Sao Paulo, Brazil 01310-930

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    ☐ WHITE PLAINS    ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE 3/6/08    SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. 09    Yr. 1983 )
Attorney Bar Code # BF0274

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____MAAS_____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

Barry R. Fischer (BF0274)
FISCHER & MANDELL LLP
550 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 840-9300

08 CV 02371

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X

STANTON STERLING SCHULTZ

        Plaintiff,

                                            Civil Action No.

    -against-

SAFRA NATIONAL BANK OF NEW YORK, and
BANCO SAFRA, S.A.

        Defendants.
————————————————————————X

RECEIVED
MAR 0 7 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## **NOTICE OF REMOVAL**

       Defendants, Safra National Bank of New York ("Safra New York") and Banco

Safra, S.A. ("Banco, S.A."), by their undersigned counsel, hereby give notice of removal

of this action from the Supreme Court of the State of New York, County of New York,

where it is now pending, Index No. 400265/08, to the United States District Court for the

Southern District of New York, pursuant to 28 U.S.C. §§1441 et seq. In support of this

removal, defendants aver as follows:

      1.     Plaintiff, Stanton Sterling Schultz ("Schultz"), *pro se*, commenced this

action against defendants by Summons and Complaint in the Supreme Court of the State

1

of New York, County of New York, on February 7, 2008. True and correct copies of the Summons and Complaint with plaintiff's attachments are attached hereto as Exhibit A.

    2.      Defendants were served via Regular Mail and received plaintiff's Summons and Complaint on February 11, 2008.

    3.      A United States District Court has original jurisdiction over a case where the parties' citizenship is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

    4.      According to plaintiff's Complaint, plaintiff is a citizen solely of the State of Colorado, residing at 400 S. Race St., Denver, CO 80209. See Exhibit A.

    5.      According to plaintiff's Complaint, plaintiff is seeking damages of $497,475 for alleged breach of contract, negligence and Brazilian criminal banking violations. See Exhibit A.

    6.      Defendant Safra New York is a national banking corporation formed under the laws of the United States, with a principal place of business in New York and with branches in Florida.

    7.      Defendant Banco, S.A. is a corporation formed under the laws of Brazil, with a principal place of business in Sao Paulo, Brazil.

    8.      This action is subject to removal because complete diversity of citizenship exists and the amount in controversy exceeds $75,000.

    9.      Pursuant to 28 U.S.C. 1332(a), the United States District Courts have original jurisdiction over this action, pursuant to 28 U.S.C. §1332(a), and this action is, therefore, removable to this Court pursuant to 28 U.S.C. 1441.

2

10.    Pursuant to 28 U.S.C. §1446(b), this Notice is filed within thirty (30) days after service of the Summons and Complaint upon defendants.

11.    Pursuant to 28 U.S.C.§1446(d), a copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, County of New York and is being served on all adverse parties.

WHEREFORE, defendants hereby remove this action now pending against them in the Supreme Court of the State of New York, County of New York.

Dated: New York, New York
       March 6, 2008

Respectfully,

FISCHER & MANDELL LLP
550 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 840-9300

By_____
       Barry R. Fischer (BF0274)

Attorneys for Defendants

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANTON STERLING SCHULTZ

Plaintiff,

-v-

SAFRA NATIONAL BANK OF NEW
YORK and BANCO SAFRA, S.A.

Defendant.

08 CV 02371

Case No.



Rule 7.1 Statement

RECEIVED
MAR 0 7 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for

Safra National Bank of New York and Banco Safra, S.A.    (a private non-governmental party)

certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held.

Safra National Bank of New York has no publicly held parents, affiliates and/or subsidiaries

Banco Safra, S.A. has no publicly held parents, affiliates and/or subsidiaries

Date: 3/6/08

Signature of Attorney

Attorney Bar Code: BF0274

Form Rule7_1.pdf  SDNY Web 10/2007

**EXHIBIT F**

# FISCHER & MANDELL LLP

### ATTORNEYS AND COUNSELORS AT LAW

550 FIFTH AVENUE – 6TH FLOOR
NEW YORK, NEW YORK 10036-5007
TEL.: (212) 840-9300
FAX.: (212) 840-9323
www.fmlaw-us.com

BARRY R. FISCHER
ADMITTED IN NEW YORK AND FLORIDA
BFISCHER@FMLAW-US.COM

March 10, 2008

**By Hand**
Hon. Richard M. Berman
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: Stanton Sterling Schultz v. Safra National Bank of New York
         and Banco Safra, S.A. – 08 cv 02371 (RMB)

Dear Judge Berman:

    This firm represents the defendants, Safra National Bank of New York ("SNB") and

Banco Safra, S.A. in the above entitled matter. We write pursuant to Rule 2A of this Court's

Individual Practices to request a pre-motion conference. Specifically, SNB and Banco Safra,

S.A. seek this Court's permission to make a motion to dismiss plaintiff's complaint pursuant to

Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(2). Construing the complaint in the light most

favorable to plaintiff, we believe it is clear plaintiff has not stated a cause of action against SNB

upon which relief can be granted. Plaintiff has also failed to affect proper service on and/or

obtain jurisdiction over Banco Safra, S.A. since he simply mailed the summons and complaint to

SNB, an unrelated entity, at its New York headquarters.

601 BRICKELL KEY DRIVE – SUITE 605 – MIAMI, FLORIDA 33131 - 2649   TEL.: (305) 577-9787   FAX.: (305) 577-8339

# FISCHER & MANDELL LLP

### ATTORNEYS AND COUNSELORS AT LAW

The plaintiff commenced this action *pro se* in New York State Supreme Court, New York County and served a summons and complaint via regular mail upon SNB on February 11, 2008. The defendants removed this action based on diversity of citizenship to the United States District Court, Southern District of New York on March 7, 2008.

Plaintiff is mistaken for several reasons in the belief that he can sustain an action against Banco Safra, S.A., a Brazilian bank, in the U.S. by serving his complaint on SNB, an unrelated entity, in New York: (i) there is no allegation against SNB in the complaint, thus it fails to state a cause of action against SNB; (ii) SNB is legally unrelated to Banco Safra, S.A., thus plaintiff's service of the summons and complaint on SNB is not consistent with the Inter-American Convention on Letters Rogatory; as a result, (iii) plaintiff has failed to obtain jurisdiction over Banco Safra, S.A.

The complaint never mentions that plaintiff was ever a customer of SNB or ever had any relationship or even communications with SNB. His sole allegation that SNB is the "U.S. branch" of Banco Safra, S.A. is simply untrue, as documentary evidence, both from SNB and independent government agencies will attest. The plaintiff has clearly brought suit against the wrong party. Since the plaintiff fails to state even one allegation against SNB, it must be dismissed for failure to state a cause of action.

With regard to Banco Safra, S.A., valid service of process is an indispensable prerequisite to the claim of personal jurisdiction over a defendant. *Ferrostaal, Inc. v. HACI HASSAN YARDIM*, No. 03 Civ. 4886, 2006 WL 2819585 (S.D.N.Y. 2006). Since SNB cannot accept service for Banco Safra, S.A., the plaintiff was required to serve Banco Safra, S.A. in Brazil, pursuant to the Inter-American Convention on Letters Rogatory ("Convention"), to which the

2

# FISCHER & MANDELL LLP

## ATTORNEYS AND COUNSELORS AT LAW

U.S. and Brazil are signatories. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994); *Value Partners S.A. v. Bain & Co., Inc.*, 1998 WL 336648 (S.D.N.Y. 1998). Brazilian law requires that service of process from foreign nations be made pursuant to a letter rogatory or letter of request transmitted through diplomatic channels. *Matter of Commodity Futures Trading Commn. v. Nahas.*, 738 F.2d 487, 494 (D.C.Cir.1984).

The plaintiff has not claimed service on Banco Safra, S.A. through the U.S. State Department (pursuant to the Convention) or through any other means that would satisfy Brazilian law. New York courts cannot condone service of process that violates Brazilian law. *Morgenthau v. Avion Resources Ltd.*, 849 N.Y.S.2d 223 (1st Dep't 2007).

Accordingly, we seek this Court's permission to make a motion to dismiss plaintiff's complaint.

Respectfully,

Barry R. Fischer

cc: Stanton Sterling Schultz (by regular mail)
encl: Copy of removal papers/pleadings

3