UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STANTON STERLING SCHULTZ                   :
                                           :
                              Plaintiff,   :    08 Civ. 02371 (RMB)
                                           :
        -against-                          :    **ORDER**
                                           :
SAFRA NATIONAL BANK OF NEW YORK, and :
BANCO SAFRA, S.A.                          :
                                           :
                              Defendants.  :
------------------------------------------------------------x

I.   **Background**

On or about February 7, 2008, Stanton Sterling Schultz ("Plaintiff"), proceeding pro se, filed a complaint ("Complaint") in New York State Supreme Court, New York County against Safra National Bank of New York ("SNB") and Banco Safra, N.A. of Brazil ("Banco Safra") (collectively, "Defendants") alleging that Banco Safra "began making transactions between [] two separate accounts, [a] checking account and [an] investment account with Safra Brokerage without proper authorization" (see Aff. of Barry R. Fischer, dated April 4, 2008 ("Fischer Aff."), Ex. D, ¶ 4) in Brazil which were the "basis for dis-structuring [sic] Plaintiff's financial position [and which] caus[ed] Plaintiff to file for bankruptcy in [the] State of Colorado in 2003." (Id. Ex. D, ¶ 8.)[1]

---

[1] At oral argument on June 17, 2008, Plaintiff stated that his dealings with Banco Safra occurred while he was resident in Brazil. (See Oral Argument Transcript, dated June 17, 2008 ("Transcript").)

Plaintiff attached a translation of a 2006 decision from a Brazilian court to his Complaint (see Aff. in Opp'n to Notice of Removal ("Remand Aff."), Vol. 1, Ex. 1 at 11-13) which seems to indicate that Plaintiff filed a similar lawsuit against Banco Safra in Brazil in 2004. (See id.) The Brazilian Court appears to have determined that "there was no unlawful action by the bank, no damages are due." (Id.) The action was dismissed on March 26, 2006. (Id.)

On or about March 7, 2008, Defendants removed the case to this Court based upon diversity jurisdiction, under 28 U.S.C. § 1332(a), asserting, among other things, that "[P]laintiff is a citizen solely of the State of Colorado"; SNB "is a national banking corporation formed under the laws of the United States, with its principal place of business in New York and with branches in Florida"; and Banco Safra is a "corporation formed under the laws of Brazil, with a principal place of business in Sao Paulo, Brazil." (See Notice of Removal, dated March 7, 2008.) Defendants assert that "[t]his action is subject to removal because complete diversity of citizenship exists and the amount in controversy exceeds $75,000." (Notice of Removal ¶ 8.)

On or about March 13, 2008, Plaintiff filed an Affirmation in Opposition to Notice of Removal seeking a remand to state court and joinder of SNBNY Holdings, Ltd. ("SNBNY") and Joseph Safra as defendants. Plaintiff argues, among other things, that: (1) the matter should be remanded "due to inclusion of additional defendants"; (2) remand is warranted "due to CPLR Article 5, Sec. 503(c) where [a] foreign corporation (bank/financial holding company) shall be deemed resident of the county in which [its] principal office is located: New York"; and (3) the Plaintiff should be able to pursue an action "where the defendant maintains offices and transacts business with [eight] financial institutions that belong to the [Safra Group] of Companies, all owned by Joseph Safra through [] SNBNY Holdings Limited, located in Gibralt[a]r." (Remand Aff. at 5, 7.)

On or about April 4, 2008, Defendants filed a Memorandum of Law Opposing Remand to State Court and in Support of Motion to Dismiss arguing, among other things, that: (1) SNB was joined "in a case to which it has no connection for the sole purpose of obtaining jurisdiction over Banco Safra in New York"; (2) "the Complaint fails to allege sufficient factual foundation to support that SNB has any connection to Plaintiff"; and (3) "the Complaint fails to allege facts

that could establish a basis for piercing the corporate veil between SNB and Banco Safra for the purpose of holding SNB liable for Banco Safra's alleged acts." (Defs. Mem. of Law Opposing Remand to State Court and in Supp. of Mot. to Dismiss, dated Apr. 4, 2008 ("Defs. Mem."), at 2.)[2]

On or about April 25, 2008, Plaintiff filed a Reply Affirmation. (See Reply Aff. in Supp. of Mot. to Remand Case Back to the N.Y. State Supreme Ct. Based on Joinder of Additional Defs., dated April 24, 2008, ("Reply Aff.").) Oral argument was held on June 17, 2008.

**For the reasons set forth below, Plaintiff's motion to remand is denied.**

## II.     Legal Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . [c]itizens of different States [and] citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a).

"The presence of a single in-state defendant serves to defeat removal on diversity grounds." Vasura v. Acands, 84 F. Supp. 2d 531, 538 (S.D.N.Y. 2000). At the same time, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998).

---

[2] The Court is ruling only upon the issue of remand/removal, not upon Plaintiff's application to add new defendants nor upon Defendant's application, if any, to dismiss claims and/or parties other than SNB. Nor is the Court determining whether New York is the proper venue for this action.

3

"Where a complaint was filed pro se, [a court is to] construe it broadly and interpret it to raise the strongest arguments it suggests." Bernas v. Cablevision Sys. Corp., 215 Fed. Appx. 64, 66 (2d Cir. 2007).

### III. Analysis

Defendants acknowledge that if "SNB, as a citizen of New York, were a proper party to this action, its presence would destroy diversity citizenship and thereby deprive this Court of jurisdiction under 28 U.S.C. § 1441(b)." (Defs. Mem. at 4-5) (footnotes omitted.) They argue, among other things, that SNB is not a proper party, i.e. that SNB was fraudulently joined. "There must be some reasonable basis for predicting that state law might impose liability against a defendant. If not, its joinder is merely to defeat diversity and, thereby fraudulent." (Defs. Mem. at 5.)

To prove "fraudulent joinder" a defendant must show, "by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based upon the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." Pampillonia, 138 F.3d at 461. "If fraudulent joinder is found, and the requirements of jurisdiction are otherwise met, then the case was properly removed and the Court has subject matter jurisdiction." Sonnenblick-Goldman Co. v. ITT Corp., 912 F. Supp. 85, 87 (S.D.N.Y. 1996).

The Complaint alleges that Banco Safra – not SNB – made unauthorized transactions in Brazil which were the "basis for dis-structuring [sic] Plaintiff's financial position [and which] caus[ed] Plaintiff to file for bankruptcy in [the] State of Colorado in 2003." (See Fischer Aff. Ex. D., ¶ 8.) Plaintiff's sole (and unpersuasive) allegation against SNB is that it is "the U.S. Branch of the international banking group, Banco Safra, N.A., with [its] address [] at 546 Fifth

4

Ave., New York, NY." (Id. ¶ 2.) The strongest argument (possibly) suggested by this allegation is that SNB serves as an "alter ego" of Banco Safra.

Defendants argue persuasively, among other things, that "there is no connection between SNB and Banco Safra." (Defs. Mem. at 10). They submit a (clear and convincing) declaration made under penalties of perjury, dated March 11, 2008, from Carlos Bertaco Bomfim, the Controller of SNB, which states "[SNB] is not a branch of [Banco Safra] or legally related to [Banco Safra]"; "[Banco Safra] has no authority, ability or power to control [SNB]"; and "[SNB] is an independent U.S. national banking company, which has no ability to control, impact or direct [Banco Safra], nor has it ever held itself out as such." (Decl. of Carlos Bertaco Bomfim, dated Mar. 11, 2008, ¶ 3-5.) And, in his Reply Affirmation, Plaintiff concedes that "**neither bank [Banco Safra or SNB] exercises control over the other**" and "**each financial institution has its own management and directors**." (Reply Aff. at 15 (emphasis added); see also Transcript.)

Plaintiff has presented no support for the proposition that SNB is a proper party defendant. "The Court must examine plaintiff's claims to determine whether they have any merit and thus preclude a finding that they were fraudulently asserted to defeat diversity." Fahnestock & Co. Inc. v. Castelazo, 741 F. Supp. 72, 74 (S.D.N.Y. 1990). "Those seeking to pierce a corporate veil of course bear a heavy burden of showing that the corporation was dominated as to the transaction attacked and that such domination was the instrument of fraud or otherwise resulted in wrongful or inequitable consequences." TNS Holdings, Inc. v. MKI Sec., Corp., 92 N.Y.2d 335, 339 (N.Y. 1998). Plaintiff has not made any such showing, either in the Complaint or in Plaintiff's remand papers, that SNB dominated Banco Safra for any purpose, much less the Banco Safra transactions at issue. Defendant has shown that there is no possibility

5

that Plaintiff "can state a cause of action against [SNB] in state court." See Pampillonia, 138 F.3d at 461. "Because the Complaint does not plead the legal elements of piercing the corporate veil, . . . the claims against [SNB] are dismissed." Sonnenblick-Goldman, 912 F. Supp. at 90.

Plaintiff also argues that this Court should remand "due to inclusion of additional defendants", presumably SNBNY and Joseph Safra. (Remand Aff. at 7.) Plaintiff acknowledges that SNBNY is "headquartered in Gibraltar" (see Reply Aff. at 1) and does not allege any jurisdictional facts regarding Joseph Safra – although Plaintiff's remand papers seem to suggest that Joseph Safra is a domiciliary of Brazil. (See Reply Aff. Ex. 8. at 1.) "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Remand is unwarranted because neither of the proposed (additional) defendants would appear to impact diversity of citizenship jurisdiction.

## IV. Conclusion and Order

For the reasons stated above, the action against SNB is hereby dismissed and Plaintiff's motion to remand [#5] is denied.

The parties are directed to participate in a status/settlement conference on Wednesday, July 30, 2008, at 10:00 a.m., in Courtroom 21D, 500 Pearl Street, New York, New York. **The parties are directed to engage in good faith settlement negotiations prior to the conference.**

Dated: New York, New York
       June 17, 2008

_____
RICHARD M. BERMAN, U.S.D.J.