Barry R. Fischer (BF0274)
FISCHER & MANDELL LLP
550 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 840-9300

Attorney for Defendants
*Safra National Bank of New York*
*Banco Safra, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STANTON STERLING SCHULTZ

                          Plaintiff,        08cv02371 (RMB)

            vs.


SAFRA NATIONAL BANK OF NEW YORK,
and BANCO SAFRA, S.A.

                          Defendants.

---

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION TO REMAND CASE BACK TO NEW YORK STATE SUPREME COURT BASED UPON JOINDER OF ADDITIONAL DEFENDANTS

Defendants, Safra National Bank of New York ("SNB") and Banco Safra, S.A. ("Banco Safra"), through their attorneys, submit this memorandum in Opposition to Plaintiff's Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)"). Plaintiff Stanton Sterling Schultz ("plaintiff") has failed to meet the standards set forth under Rule 59(e) and relevant case law. Accordingly, plaintiff's motion for reconsideration should be denied.

## SUMMARY OF ARGUMENT

By making this motion, plaintiff is attempting to re-use the same arguments he made before this court in his motion to remand. Plaintiff should not be allowed to litigate issues already decided by the Court and take a second "bite at the apple" without providing any new evidence or law to support his arguments.

Plaintiff's motion for reconsideration should be denied for several reasons: First, plaintiff has not provided any evidence or law overlooked by this Court's June 17th order. Second, plaintiff has not provided any new evidence or new law since the Court's order that could reasonably alter the Court's decision; plaintiff merely repeats the same arguments and alleged facts. Third, plaintiff has not made any argument that the Court made a clear error of law or that the decision causes plaintiff manifest injustice. Fourth, plaintiff has not complied with Local Rule 6.3 which requires the court's permission before a movant submits an affidavit with a motion for reconsideration. Because of these reasons, the Court should deny plaintiff's motion for reconsideration.

## FACTUAL BACKGROUND

Plaintiff commenced this action *pro se* in New York State Supreme Court, New York County and served a summons and complaint via regular mail upon SNB on or about February 7, 2008. Plaintiff alleges that Banco Safra had negligently made unauthorized transactions on plaintiff's checking and investment accounts in Brazil. In the caption of the pleadings, plaintiff names "Safra National Bank of New York/ Banco Safra, S.A." Pursuant to a "Poor Person Order," plaintiff alleges that an entity called "Safra Banking

2

Group" is the owner of Banco Safra. *Id.* Plaintiff contends that because "Safra Banking Group" controls both Banco Safra and SNB, SNB should be included in this lawsuit. However, "Safra Banking Group" is not a legal entity and does not own or control Banco Safra or SNB. Rather, Banco Safra and SNB are entirely separate legal entities with principal places of business in different countries.

On or about March 7, 2008, defendants removed this action based on diversity of citizenship to the United States District Court, Southern District of New York. On or about March 13, 2008, plaintiff filed an Affirmation in Opposition to Notice of Removal seeking a remand to state court and joinder of SNB and Joseph Safra as defendants.

On or about April 4, 2008, defendants filed an opposition to plaintiff's motion to remand, and on or about April 25, 2008 plaintiff filed a reply affirmation.

On June 17, 2008, this Court dismissed SNB from this case on the grounds that SNB was not a proper party defendant. A copy of the June 17, 2008 order is annexed as Exhibit A. Plaintiff has now filed this Motion for Reconsideration, arguing that the Court erred because (1) "Banco Safra and [SNB] are integral parts of the 'Joseph Safra Family of Companies'"; (2) joinder of SNB is "perfectly acceptable" because it is the U.S. branch of the "Safra Group Conglomerate"; (3) SNB and Banco Safra are both located at the same address and should be considered as being a part of the same entity; and (4) Banco Safra made unauthorized transactions with plaintiff's checking and investment accounts, and plaintiff's lawyers who represented him in the Brazilian lawsuit against Banco Safra are "guilty" of negligence, collusion, and breach of fiduciary duty. A copy of Plaintiff's Motion for Reconsideration is annexed as Exhibit B.

3

These are the same arguments this Court heard in plaintiff's motion to remand. Plaintiff has not set forth any new facts or law to support his arguments.

## ARGUMENT

### POINT I

### PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED

The Federal Rules do not expressly recognize motions for "reconsideration." *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Instead, if such a motion is filed within 10 days of the order or judgment — as it was here — courts will engage in an analysis under Rule 59(e). *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).

Motions for reconsideration are usually not granted absent "highly unusual circumstances." *See McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Courts widely agree that these motions should not provide an opportunity for litigants to take a "second bite at the apple." *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998) ("[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)). A district court may grant the motion in three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002). A motion for reconsideration should be denied where the movant "seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Here, plaintiff has not provided any new evidence, or any intervening change in controlling law. Plaintiff has also not provided any persuasive argument as to why the Court's denial of plaintiff's motion causes him manifest injustice.

A.    **Plaintiff has failed to provide evidence not available prior to the Court's decision which could reasonably be expected to alter the Court's decision**

Under Rule 59(e), a court may grant a motion for reconsideration where the movant provides the court with new evidence, not available at the time of the court's ruling, that can "reasonably be expected to alter the conclusion reached by court." *See Shrader,* 70 F.3d at 257; *See Westinghouse Savannah River Co.,* 305 F.3d at 290.

In his motion for reconsideration, plaintiff argues that (1) "Banco Safra and [SNB] are integral parts of the 'Joseph Safra Family of Companies'"; (2) joinder of SNB is "perfectly acceptable" because it is the U.S. branch of the "Safra Group Conglomerate"; (3) SNB and Banco Safra are both located at the same address and should be considered as being a part of the same entity; and (4) Banco Safra made unauthorized transactions with plaintiff's checking and investment accounts, and plaintiff's lawyers who represented him in the Brazilian lawsuit against Banco Safra are "guilty" of negligence, collusion, and breach of fiduciary duty. *See* Exhibit B.

The Court has already heard these arguments in plaintiff's reply affirmation to remand. Plaintiff has also attached the same exhibits as provided in his reply affirmation. *See* Exhibit B, pg. 3 ("As submitted in previous documentation exhibits..."). Because plaintiff has not provided any new evidence which can reasonably be expected to alter the Court's conclusion, plaintiff's motion should be denied.

**B.    Plaintiff has failed to show any intervening change in controlling law which could reasonably be expected to alter the Court's decision**

Under Rule 59(e), a court may grant a motion for reconsideration where the movant provides the court with controlling law which the court overlooked, or any intervening controlling law since the court's decision which could "reasonably be expected to alter the conclusion reached by court." *See Shrader,* 70 F.3d at 257; *See Westinghouse Savannah River Co.,* 305 F.3d at 290.

In his motion for reconsideration, plaintiff cites the *Vasura* case for the proposition that removal to federal court can be defeated by the inclusion of an in-state defendant. *See* Exhibit B, pg. 5; *Vasura v. Acands,* 84 F.Supp.2d 531, 538 (S.D.N.Y. 2000). This is the same case cited in the Court's June 17th order. *See* Exhibit A, pg. 3. Plaintiff has not offered any controlling law which conflicts with the *Pampillonia* decision. As cited in the order, the *Pampillonia* Court stated that "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *See* Exhibit A, pg. 4; *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 460-61 (2d Cir. 1998). The Court has determined, and defendants adamantly agree, that based on the declaration of Carlos Bertaco Bomfim, SNB has no real connection to plaintiff's claims.

Plaintiff has not cited any other controlling law which the Court overlooked in its decision, nor has he cited any intervening controlling law to support his arguments.

6

**C.     Plaintiff has failed to show a clear error of law or that the Court's decision is manifestly unjust**

Under Rule 59(e), a court may grant a motion for reconsideration where the plaintiff shows that the court made a clear error of law or that the court's decision would cause the movant manifest injustice. *Westinghouse Savannah River Co.*, 305 F.3d at 290.

Here, plaintiff has not argued that the Court made any error of law. In fact, plaintiff has not provided any legal explanation as to why this Court made an incorrect decision. Plaintiff has also failed to argue that the court's decision would cause plaintiff manifest injustice.

**D.     Plaintiff has not complied with Local Rule 6.3**

Local Rule 6.3 provides that a party may not file an affidavit with a motion for reconsideration unless directed by the court. Here, plaintiff clearly violated this rule by filing an affidavit with his motion for reconsideration without the Court's permission. Therefore, the Court should disregard plaintiff's affidavit and deny his motion for reconsideration.

**CONCLUSION**

For at least the foregoing reasons, plaintiff's motion for reconsideration should be denied.

7

Dated: New York, New York
      July 11, 2008

Respectfully submitted,

Barry R. Fischer (BF0274)
Fischer & Mandell LLP
550 Fifth Avenue – 6th Floor
New York, New York 10036
Tel.: (212) 840-9300
Fax: (212) 840-9323

Attorney for Defendants
*Safra National Bank of New York*
*Banco Safra, S.A.*

8

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STANTON STERLING SCHULTZ                                :
                                                        :
                              Plaintiff,                :
                                                        :
        -against-                                       :
                                                        :
SAFRA NATIONAL BANK OF NEW YORK, and :
BANCO SAFRA, S.A.                                       :
                                                        :
                              Defendants.               :
------------------------------------------------------------------x

USBC SD
DOCUM
ELECT                        D
DOC
DATE   6/17/08

08 Civ. 02371 (RMB)

**ORDER**

### I.   Background

On or about February 7, 2008, Stanton Sterling Schultz ("Plaintiff"), proceeding pro se,

filed a complaint ("Complaint") in New York State Supreme Court, New York County against

Safra National Bank of New York ("SNB") and Banco Safra, N.A. of Brazil ("Banco Safra")

(collectively, "Defendants") alleging that Banco Safra "began making transactions between []

two separate accounts, [a] checking account and [an] investment account with Safra Brokerage

without proper authorization" (see Aff. of Barry R. Fischer, dated April 4, 2008 ("Fischer Aff."),

Ex. D, ¶ 4) in Brazil which were the "basis for dis-structuring [sic] Plaintiff's financial position

[and which] caus[ed] Plaintiff to file for bankruptcy in [the] State of Colorado in 2003." (Id.

Ex. D, ¶ 8.)[1]

---

[1]At oral argument on June 17, 2008, Plaintiff stated that his dealings with Banco Safra
occurred while he was resident in Brazil. (See Oral Argument Transcript, dated June 17, 2008
("Transcript").)

Plaintiff attached a translation of a 2006 decision from a Brazilian court to his Complaint
(see Aff. in Opp'n to Notice of Removal ("Remand Aff."), Vol. 1, Ex. 1 at 11-13) which seems
to indicate that Plaintiff filed a similar lawsuit against Banco Safra in Brazil in 2004. (See id.)
The Brazilian Court appears to have determined that "there was no unlawful action by the bank,
no damages are due." (Id.) The action was dismissed on March 26, 2006. (Id.)

On or about March 7, 2008, Defendants removed the case to this Court based upon
diversity jurisdiction, under 28 U.S.C. § 1332(a), asserting, among other things, that "[P]laintiff
is a citizen solely of the State of Colorado"; SNB "is a national banking corporation formed
under the laws of the United States, with its principal place of business in New York and with
branches in Florida"; and Banco Safra is a "corporation formed under the laws of Brazil, with a
principal place of business in Sao Paulo, Brazil." (See Notice of Removal, dated March 7,
2008.) Defendants assert that "[t]his action is subject to removal because complete diversity of
citizenship exists and the amount in controversy exceeds $75,000." (Notice of Removal ¶ 8.)

On or about March 13, 2008, Plaintiff filed an Affirmation in Opposition to Notice of
Removal seeking a remand to state court and joinder of SNBNY Holdings, Ltd. ("SNBNY") and
Joseph Safra as defendants. Plaintiff argues, among other things, that: (1) the matter should be
remanded "due to inclusion of additional defendants"; (2) remand is warranted "due to CPLR
Article 5, Sec. 503(c) where [a] foreign corporation (bank/financial holding company) shall be
deemed resident of the county in which [its] principal office is located: New York"; and (3) the
Plaintiff should be able to pursue an action "where the defendant maintains offices and transacts
business with [eight] financial institutions that belong to the [Safra Group] of Companies, all
owned by Joseph Safra through [] SNBNY Holdings Limited, located in Gibralt[a]r." (Remand
Aff. at 5, 7.)

On or about April 4, 2008, Defendants filed a Memorandum of Law Opposing Remand to
State Court and in Support of Motion to Dismiss arguing, among other things, that: (1) SNB was
joined "in a case to which it has no connection for the sole purpose of obtaining jurisdiction over
Banco Safra in New York"; (2) "the Complaint fails to allege sufficient factual foundation to
support that SNB has any connection to Plaintiff"; and (3) "the Complaint fails to allege facts

2

that could establish a basis for piercing the corporate veil between SNB and Banco Safra for the purpose of holding SNB liable for Banco Safra's alleged acts." (Defs. Mem. of Law Opposing Remand to State Court and in Supp. of Mot. to Dismiss, dated Apr. 4, 2008 ("Defs. Mem."), at 2.)[2]

On or about April 25, 2008, Plaintiff filed a Reply Affirmation. (See Reply Aff. in Supp. of Mot. to Remand Case Back to the N.Y. State Supreme Ct. Based on Joinder of Additional Defs., dated April 24, 2008, ("Reply Aff.").) Oral argument was held on June 17, 2008.

**For the reasons set forth below, Plaintiff's motion to remand is denied.**

## II.    Legal Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . [c]itizens of different States [and] citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a).

"The presence of a single in-state defendant serves to defeat removal on diversity grounds." Vasura v. Acands, 84 F. Supp. 2d 531, 538 (S.D.N.Y. 2000). At the same time, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998).

---

[2] The Court is ruling only upon the issue of remand/removal, not upon Plaintiff's application to add new defendants nor upon Defendant's application, if any, to dismiss claims and/or parties other than SNB. Nor is the Court determining whether New York is the proper venue for this action.

3

"Where a complaint was filed pro se, [a court is to] construe it broadly and interpret it to raise the strongest arguments it suggests." Bernas v. Cablevision Sys. Corp., 215 Fed. Appx. 64, 66 (2d Cir. 2007).

**III.    Analysis**

Defendants acknowledge that if "SNB, as a citizen of New York, were a proper party to this action, its presence would destroy diversity citizenship and thereby deprive this Court of jurisdiction under 28 U.S.C. § 1441(b)." (Defs. Mem. at 4-5) (footnotes omitted.)  They argue, among other things, that SNB is not a proper party, i.e. that SNB was fraudulently joined. "There must be some reasonable basis for predicting that state law might impose liability against a defendant.  If not, its joinder is merely to defeat diversity and, thereby fraudulent." (Defs. Mem. at 5.)

To prove "fraudulent joinder" a defendant must show, "by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based upon the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." Pampillonia, 138 F.3d at 461.  "If fraudulent joinder is found, and the requirements of jurisdiction are otherwise met, then the case was properly removed and the Court has subject matter jurisdiction." Sonnenblick-Goldman Co. v. ITT Corp., 912 F. Supp. 85, 87 (S.D.N.Y. 1996).

The Complaint alleges that Banco Safra – not SNB – made unauthorized transactions in Brazil which were the "basis for dis-structuring [sic] Plaintiff's financial position [and which] caus[ed] Plaintiff to file for bankruptcy in [the] State of Colorado in 2003." (See Fischer Aff. Ex. D., ¶ 8.)  Plaintiff's sole (and unpersuasive) allegation against SNB is that it is "the U.S. Branch of the international banking group, Banco Safra, N.A., with [its] address [] at 546 Fifth

4

Ave., New York, NY." (Id. ¶ 2.) The strongest argument (possibly) suggested by this allegation is that SNB serves as an "alter ego" of Banco Safra.

Defendants argue persuasively, among other things, that "there is no connection between SNB and Banco Safra." (Defs. Mem. at 10). They submit a (clear and convincing) declaration made under penalties of perjury, dated March 11, 2008, from Carlos Bertaco Bomfim, the Controller of SNB, which states "[SNB] is not a branch of [Banco Safra] or legally related to [Banco Safra]"; "[Banco Safra] has no authority, ability or power to control [SNB]"; and "[SNB] is an independent U.S. national banking company, which has no ability to control, impact or direct [Banco Safra], nor has it ever held itself out as such." (Decl. of Carlos Bertaco Bomfim, dated Mar. 11, 2008, ¶ 3-5.) And, in his Reply Affirmation, Plaintiff concedes that "**neither bank [Banco Safra or SNB] exercises control over the other**" and "**each financial institution has its own management and directors.**" (Reply Aff. at 15 (emphasis added); see also Transcript.)

Plaintiff has presented no support for the proposition that SNB is a proper party defendant. "The Court must examine plaintiff's claims to determine whether they have any merit and thus preclude a finding that they were fraudulently asserted to defeat diversity." Fahnestock & Co. Inc. v. Castelazo, 741 F. Supp. 72, 74 (S.D.N.Y. 1990). "Those seeking to pierce a corporate veil of course bear a heavy burden of showing that the corporation was dominated as to the transaction attacked and that such domination was the instrument of fraud or otherwise resulted in wrongful or inequitable consequences." TNS Holdings, Inc. v. MKI Sec., Corp., 92 N.Y.2d 335, 339 (N.Y. 1998). Plaintiff has not made any such showing, either in the Complaint or in Plaintiff's remand papers, that SNB dominated Banco Safra for any purpose, much less the Banco Safra transactions at issue. Defendant has shown that there is no possibility

5

that Plaintiff "can state a cause of action against [SNB] in state court." See Pampillonia, 138

F.3d at 461. "Because the Complaint does not plead the legal elements of piercing the corporate

veil, . . . the claims against [SNB] are dismissed." Sonnenblick-Goldman, 912 F. Supp. at 90.

Plaintiff also argues that this Court should remand "due to inclusion of additional

defendants", presumably SNBNY and Joseph Safra. (Remand Aff. at 7.) Plaintiff acknowledges

that SNBNY is "headquartered in Gibraltar" (see Reply Aff. at 1) and does not allege any

jurisdictional facts regarding Joseph Safra – although Plaintiff's remand papers seem to suggest

that Joseph Safra is a domiciliary of Brazil. (See Reply Aff. Ex. 8. at 1.) "If after removal the

plaintiff seeks to join additional defendants whose joinder would destroy subject matter

jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State

court." 28 U.S.C. § 1447(e). Remand is unwarranted because neither of the proposed

(additional) defendants would appear to impact diversity of citizenship jurisdiction.

**IV.    Conclusion and Order**

For the reasons stated above, the action against SNB is hereby dismissed and Plaintiff's

motion to remand [#5] is denied.

The parties are directed to participate in a status/settlement conference on Wednesday,

July 30, 2008, at 10:00 a.m., in Courtroom 21D, 500 Pearl Street, New York, New York. **The**

**parties are directed to engage in good faith settlement negotiations prior to the conference.**

Dated: New York, New York
       June 17, 2008

**RICHARD M. BERMAN, U.S.D.J.**

6

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Stanton Sterling Schultz (Pro Se)

_____

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

- against -

Banco Safra S.A. / Safra National Bank
of New York (Safra Banking Group)

_____

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

08 Civ. 02371 RMB (   )

NOTICE OF MOTION FOR
RECONSIDERATION TO REMAND
CASE BACK TO NEW YORK
STATE SUPREME COURT
BASED UPON JOINDER OF
ADDITIONAL DEFENDANTS.

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Stanton Sterling Schultz,
*(name)*

affirmed on July 1, 2008, and upon the exhibits attached thereto *(delete if no*
*(date)*

exhibits),

and the pleadings herein, plaintiff/defendant will move this Court, before Judge
*(circle one)*

Richard M. Berman, United States District/Magistrate Judge, for an order
*(Judge's name)*                                    *(circle one)*

pursuant to Rule 6.3 of the Federal Rules of Civil Procedure granting *(state what you want the*

*Judge to order):* Remand of Case back to New York State Supreme
Court based upon joinder of additional defendants:
① Joseph Yacoub Safra, owner of Safra Banking Group
② SNBNY Holdings Ltd. (Gibraltar) controls Safra National Bank of New York
③ Lefero Emp. Pub. i Part. Ltda. (Poa, Brazil) controls Banco Safra SA.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, NY
*(city)*        *(state)*

July    1, 2008
*(month)*  *(day)*  *(year)*

Signature  Stanton Schultz

Address  400 S. Race St.
         Denver, CO 80209

Telephone Number  303-744-1106

Fax Number *(if you have one)* _____

Rev. 05/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_Stanton Sterling Schultz (Pro Se)_

_(In the space above enter the full name(s) of the (plaintiff(s))/petitioner(s).)_

_08_ Civ. _02371_ ( _RMB_ ) (_ _)

- against -

_Banco Safra S.A. / Safra National Bank_
_of New York (Safra Banking Group)_

**AFFIRMATION IN**
**SUPPORT OF MOTION**
FOR RECONSIDERATION TO
REMAND CASE BACK TO
NEW YORK STATE SUPREME
COURT BASED UPON JOINDER
OF ADDITIONAL DEFENDANTS.

_(In the space above enter the full name(s) of the (defendant(s))/respondent(s).)_

I, _Stanton Sterling Schultz,_ **affirm under penalty of perjury that:**
_(name)_

1.    I, _Stanton Sterling Schultz,_ am the **plaintiff**/defendant in the above entitled action,
_(name)_                                    _(circle one)_

and respectfully move this Court to issue an order _to remand, with joinder of additional_
_defendants, case back to New York State Supreme Court._
                                              _(state what you want the Judge to order)_

2.    The reason why I am entitled to the relief I seek is the following _(state all your reasons_

_using additional paragraphs and sheets of paper as necessary):_ _See attached explanations and_
_exhibits._

**WHEREFORE,** I respectfully request that the Court grant this motion, as well as such

other and further relief as may be just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: _New York_ , _NY_
        _(city)_        _(state)_
        _July_ _1_ , 20_08_
        _(month)_  _(day)_   _(year)_

Signature _Stanton Schultz_
Address _400 S. Race St._
        _Denver, CO 80209_
Telephone Number _303- 744-1106_
Fax Number _(if you have one)_ _____

_Rev. 05/2007_

Affirmation in Support of Motion
For Reconsideration To Remand Case Back
To New York State Supreme Court Based Upon
Joinder Of Additional Defendants.

Plaintiff, Stanton Sterling Schultz, respectfully moves
the U.S. District Court to reconsider the remand of
Case 08 Civ 02371 back to the New York State Supreme
Court based on Joinder of additional defendants to
case identity. Additional defendants are:

Joseph Yacoub Safra > Owner of Safra Group

SNBNY Holdings Ltd > Foreign Holding Company headquartered
(Gibraltar)         in Gibraltar which Controls
                    Safra National Bank of New York.
                    Joseph Safra owns SNBNY
                    Holdings Ltd., integral part of Safra Group.

Letero Empreendimentos
Publicidade, e Part. Ltda. > Foreign Holding Company headquartered
(Poa, Brazil)              in Poa, Brazil which Controls
                           Banco Safra S.A. Both are
                           owned by Joseph Safra and are
                           Key institutions of Safra Group.

REASONS:

(1) As submitted in previous documentation exhibits, the Safra
Group of financial institutions is presented on its
own internet site, where Banco Safra and Safra National
Bank of New York are integral parts of the "Joseph

Safra Family of Companies" with a total of US$135,2 billion in Total Assets and US$ 6,8 billion in Stockholder's Equity. Both financial institutions are presented together, on the same internet site, along with the many other "sister" financial institutions which make up the Safra Group. All of the institutions presented on the Banco Safra S.A. internet site but one (Aracruz Celulose) are banking institutions. Joseph Safra is declaring to the world that he is the owner of all of the financial institutions. The Plaintiff is only presenting what the Safra Group has published on the internet.

(2) The Plaintiff, in his original summons and complaint included the words "Safra (Banking Group)". It was the Plaintiff's intention from the beginning of the case on February 7, 2008 to make his case against the "Group" as the responsible entity. The Safra Group is a privately-owned conglomerate, where control is exercised through financial holding companies. This in no way dilutes the ownership of such holding companies and the financial banking institutions they control. The Joinder of the Safra National Bank of New York is perfectly acceptable when the Joinder includes SNBNY Holdings Ltd (Gibraltar), a foreign financial holding company. The Safra National Bank of New York then becomes the US branch ("sister") financial institution of the Safra Group Conglomerate. The Plaintiff is bringing his case against the "Safra Group," which operates in the US through a financial holding company: SNBNY Holdings Ltd. (Gibraltar).

"The presence of a single in-state defendant serves to defeat removal on diversity grounds." Vasura v. Acands, 84 F. Supp. 2d 531, 538 (S.D.N.Y. 2000)

(3) The NYC addresses of the Safra National Bank of New York and Banco Safra S.A. are at the same location. Safra National Bank of New York is located at 546 5th Ave, New York. Banco Safra S.A. is also at 546 5th Ave (basement), New York.

Coincidently, other organizations of the Safra Group also operate at 546 5th Ave, New York. It was mentioned that the defendants submitted a declaration by Carlos Bertaco Bomfim, a brazilian that is controller of Safra National Bank of New York, swearing that the New York Bank is not related to the Banco Safra in Brazil. First, he did not include the fact that the U.S. Safra Bank is owned by a foreign financial holding company, which makes it a domestically incorporated, but foreign-owned and controlled entity. Any type of affidavit or affirmation in suport or defense of an argument presented by Safra National Bank of New York should be presented by a director from the controlling financial holding company: SNBNY Holdings Ltd. (Gibraltar), not from its US domestic bank branch. Unless Mr. Bomfim is a director in the SNBNY Holdings Ltd., his declaration dated March 11, 2008 should be invalidated.

Second, Mr. Carlos Bomfim did not mention to the Court that he is also a director in the "Joseph Safra Foundation Inc.,"

from Plaintiff's checking account (consumption classified) to investment account were never properly documented with written or electronic authorization from the Plaintiff. The Lower Court in Brazil only determined that there was no sign of a verbal agreement between the Banco Safra and the Plaintiff. It did not determine whether the actions or transactions were lawful or unlawful. The Plaintiff on the other hand has submitted bank records proving that the transactions did take place and that the Banco Safra made the transfers above his overdraft limit without his written or electronic authorization for doing so.

Also, the Plaintiff's legal representative for the case abandoned the case from the start of the first hearing in Brazil. The renouned law office which the Plaintiff contracted to represent him never filed the proper appeals and are guilty of:
- negligence in mis-representing Plaintiff.
- loss of chance for filing proper papers and appeal.
- collusion with Banco Safra's legal counsel for case.
- breach of fiduciary contract with Plaintiff.

The legal counsel which represented the Plaintiff in case filed against Banco Safra in Brazil in 2004 has an office in New York City. Plaintiff is simultaneously pursuing a mal-practice suit against the negligent law office which colluded with the Banco Safra's legal counsel and abandoned the case half-way through, making it impossible for any type of settlement in Brazil. (See Case 400266/08 New York State Supreme Court.)

Wherefore, the Plaintiff respectfully requests that his "Motion For Reconsideration To Remand Case Back To New York State Supreme Court Based Upon Joinder Of Additional Defendants" be approved, as well as such other measures or further relief as may be just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, NY
      July 1, 2008

Stanton Schultz
400 S. Race St.
Denver, CO 80209
Phone: 303-744-1106

a tax exempt/non profit organization, coincidently operating also at the Safra National Bank of New York and Banco Safra New York address: 546 5ᵗʰ Ave., New York. Because it connects the dots. The connectivity of the Safra Group is through ownership. Many of the Safra Group's directors are directors in more than one of the organizations which make up the Safra Group. (Organizations include institutions, banks, companies, non profit, etc.) The authority and control of an international conglomerate group such as Safra Group come from the people that own it and manage it. Joseph Safra is the owner of the foreign holding companies that control the local banking institutions, such as "Letero, Poa-Brasil"/(Banco Safra S.A in Brazil) and "SNBNY Holdings Ltd., Gibraltar"/(Safra National Bank of New York), whereas the directors participate in exercising control in "sister" financial institutions by accumulating multiple administrative functions in what are falsely deemed to be "independent" organizations.

④ Plaintiff wishes to clarify an attachment to his "Remand Affirmation" and Affirmation in Opposition to Notice of Removal, Vol. 2, EX. 1 at 11-13 regarding similar lawsuit against Banco Safra in Brazil in 2004. The Brazilian Court that ruled was a lower Court, which only determined that there had been no verbal agreement for making the transactions in question. There was no ruling regarding the transactions being made without the written or electronic necessarily obtained permission from the Plaintiff. In other words, the overdraft transactions which the Banco Safra made, transfering amounts over the limit

**Local Civil Rule 6.2. Orders on Motions**

A memorandum signed by the court of the decision on a motion that does not finally determine all claims for relief, or an oral decision on such a motion, shall constitute the order unless the memorandum or oral decision directs the submission or settlement of an order in more extended form. The notation in the docket of a memorandum or oral decision that does not direct the submission or settlement of an order in more extended form shall constitute the entry of the order. Where an order in more extended form is required to be submitted or settled, the notation in the docket of such order shall constitute the entry of the order.

[Source: Former Local Civil Rule 6(a)]

**Local Civil Rule 6.3. Motions for Reconsideration or Reargument**

A notice of motion for reconsideration or reargument *of a court order determining a motion* shall be served within ten (10) days after *the entry* of the court's determination of the original motion, *or in the case of a court order resulting in a judgment, within ten (10) days after the entry of the judgment.* There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the court.

[Adopted March 25, 2004]

- 18 -

# THE JOSEPH SAFRA FAMILY COMPANIES
## JUNE 2007

US$ Million



# THE JOSEPH SAFRA FAMILY COMPANIES

## JUNE 2007

US$ Million



(1) Financial Companies    (2) Non-financial Companies    (3) Participation is shared    (*) Off Balance Sheet

Index No.
400265/08

Supreme Court of the State of New York,
County of New York

Stanton Sterling Schultz

Plaintiff

against

Safra National Bank of New York
Banco Safra S.A. (Banking Group)

Defendant

NEW YORK
COUNTY CLERK'S OFFICE

FEB 07 2008

NOT COMPARED
WITH COPY FILE

Complaint

To the Supreme Court of the State of New York

   The Complaint of the Plantiff, Stanton Sterling Schultz, respectfully shows and alledges as follows:

1.) The Plantiff herein, Stanton Sterling Schultz, is a US Citizen with residence in State of Colorado, residing at 700 S. Race St., Denver, CO

2.) The defendant, Safra National Bank of New York, is the U.S. branch of the international banking group, Banco Safra S.A., with address in NYC at 546 Fifth Ave., New York, NY.

3.) Plantiff Stanton Schultz was banking customer at rwas Safra branch since 1999 and actively invested

NEW YORK
COUNTY CLERK'S OFFICE

FEB 07 2008

NOT COMPARED
WITH COPY FILE

in Brazilian stock market through another account opened with Safra Brokerage.

) Beginning in 2002 through 2003, Safra Bank began making transactions between the two separate accounts, checking account and investment account with Safra brokerage without proper authorization, which by Resolution of the Central Bank of Brazil N° 2878, demands that such authorization be in writing or electronic message. Such written authorization was never given.

) Trading volatility, with the uncertainty of the beginning of la Iraque War, increased. Collusion among bank employees and Brokerage employees forced liquidation of position even though verbally authorization had been given.

) Case was brought before Brazilian court, supporting Bank of Safra's claim that there had been no verbal agreement. Assuming no verbal agreement was made to transfer funds from checking account, above and beyond limit of 87,500, then Bank is in Violation of Resolution 2878, of the Central Bank of Brazil, which prohibits such transfers without written or electronic authorization.

Bank and Brokerage are being investigated for criminal dations to such unauthorized transfers, as well as falsifying documents and dates on contract between Plaintiff and Safra Brokerage

NEW YORK
COUNTY CLERK'S OFFICE

FEB 07 2008

NOT COMPARED
WITH COPY FILE

8.) Violated transactions, non-authorized by Plaintiff, based on banking law and customer/banking consumer law were bases for des-structuring Plaintiff's financial position, causing Plaintiff to file for bankruptcy in State of Colorado in 2003.

9.) By reason of the facts and circumstances stated above and attached documents, plaintiff has been damaged by defendant, on 21 February 2003, in the sum of $154,600.00 in compensatory damages.

(a.) Moral damages for caused suffering to plaintiff from defendant's intention to cause damages (from Bank and Brokerage employee collusion/negligence) estimated to be $342,875.00

Wavefore, plaintiff demands judgement against the defendent in the sum of compensatory and moral damages: 497,475, plus interest from February 21, 2003, costs and disbursements, together with any other relief, including punitive/exemplary damages, the Court finds to be just and proper.

Dated: February 4, 2008

*Stanton Schultz*

Stanton Schultz
400 S. Race St
Denver, CO 80207
(303) 744-1106

COUNTY CLERKS OFFICE

FEB 07 2008

VERIFICATION     NOT COMPARED
WITH COPY FILE

_Stanton Sterling Schultz_, being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know

the contents thereof. The same are true to my knowledge, except as to matters therein stated

to be alleged on information and belief and as to those matters I believe them to be true.

_Stanton Schultz_
**[sign your name in front of a Notary]**

_Stanton Sterling Schultz_
**[print your name]**

State of New York
County of New York

Sworn to before me this FEB 04 2008
_____ day of _____, 200___

_Margaret Schwartz_
Notary Public

MARGARET A. SCHWARTZ
Notary Public, State of New York
Reg. No. 04SC6152068
Qualified in New York County
Commission Expires Aug. 23, 20__10

SampleCompl4-06

# SAV-ON PROCESS SERVICE, INC.

*401 BROADWAY - SUITE 1201, NEW YORK, NY 10013*
*PHONE 212-226-3322 — FAX 212-431-9485*
E-mail: info@sav-onprocess.com  Web: www.sav-onprocess.com
*133240344*

Invoice No.: 08003636

STANTON STERLING SCHULTZ
400 S. RACE STREET
DENVER , CO  80209

Your File No.:

| | | |
|---|---|---|
| Caption: | *STANTON STERLING SCHULTZ*<br>*vs*<br>*SAFRA NATIONAL BANK OF NEW YORK/BANCO SAFRA, S.A.* Plaintiff/Petitioner / Defendant/Respondent | Date Received: 2/7/2008<br>Serve By Date: 2/12/2008<br>Docket or ID #: 400265/08<br>County: New York<br>Court: Supreme Court of the State of New York |
| Re: | SAFRA NATIONAL BANK OF NEW YORK/BANCO SAFRA, S.A. | |

| | | |
|---|---|---|
| Docs Served | Summons and Complaint | Date Served:<br>Served By: DAWN NIOLA<br>Place Served: 546 FIFTH AVENUE, NEW YORK, NY 10036 |

| Date | Service Description | Service Fee | Fee Prepaid |
|---|---|---|---|
| 2/7/2008 | File Affidavits of Service with Court | $17.00 | |
| 2/7/2008 | Payment: Check # CASH | | $65.00 |
| 2/7/2008 | Payment: Check # FILE/NC | | $17.00 |
| | **Total Service Fees and Total Fees Prepaid:** | $17.00 | $82.00 |

| | |
|---|---|
| Terms: | **Total Amount Due =**  -$65.00 |
| Remarks: | |

## COMPLETE THIS STUB

orse This INDEX NUMBER ON All
pers and advise your adversary of
number assigned. Sec. 202.5,
form Rules Of Trial Courts

... the lower portion and return it with your payment. Make checks payable to:
...rocess Service, Inc.

DO NOT DETACH

Title of Action or Proceeding to be TYPED or PRINTED by applicant
SUPREME COURT, NEW YORK COUNTY

**INDEX NUMBER FEE**
**$210.00**

Stanton Sterling Schultz   08400265   400265/08
v.
Safra National (Bank of New York)
Banco Safra S.A (Safra Banking Group)

Sav-On Process Service, Inc.
401 Broadway - Suite 1201
New York, NY 10013

Amount Enclosed

# JOSEPH SAFRA FOUNDATION INC
# Tax Exempt/NonProfit Organization Informatio

| Organization Information | |
|---|---|
| **Download Data** | |
| *Download all the information for this tax exempt/nonprofit organization to a Spreadsheet or Other File Type* | |
| **Organization Name/ Address** | JOSEPH SAFRA FOUNDATION INC 546 FIFTH AVE NEW YORK, NY 10036-5000 |
| **Asset Amount** | (available with data download) |
| **Income Amount** | (available with data download) |
| **Form 990 Revenue Amount** | n/r |
| **Employer Identification Number** (nine digit number assigned by the IRS to identify a company) | (available with data download) |
| **In Care Of Name** (the officer, director, etc. to whose attention any correspondence should be directed) | CARLOS BERTACO BOMFIM |
| **Classification** (category under which an organization may be tax exempt) | Charitable Organization |
| **Filing Requirement** (the primary return(s) the organization is required to file) | Form 990 - Not required to file(all othe |
| **Taxonomy** (classifies an exempt Internal Revenue Code 501 (c)(3) organization) | Private Grantmaking Foundations |
| **Secondary Name** (another name under which this nonprofit organization does business. Also used for trade names, chapter names, or local numbers for subordinate organizations of group rulings) | n/r |
| **Affiliation** (defines the organizational grouping) | This organization is an independent or independent auxiliary (i.e., not affiliate Regional, or Geographic grouping of o |
| **Deductibility Status** | Contributions are deductible |
| **Principal Activity** | n/r |
| **Foundation Type** | Private non-operating foundation |
| **Tax Period** (the date of the latest return filed) | 12/2007 |
| **Accounting Period** (accounting month end date of organization) | 12 |

# Safra National Bank Of New York

546 5th Ave, New York, NY 10036-5000, United States  (Map) (Add Company Info)
**Phone:** (212) 704-5500
**URL:** 🔒 Activate Links www.safra.com
**SIC:** National Commercial Banks
**Line of Business:** National Commercial Bank

Ads by Google

Commercial Banking Resume Have You Done Your Research? Get Insider Info On Finance Jobs Today!

0-1 Spreads Accounts No Spread No Swap No Dealing Desk Instant Account Activation

Find your Local Bank Get the details of High Street Banks with Yellow Pages online.

The ads are not affiliated with Safra National Bank Of New York

**Detailed Safra National Bank Of New York Company Profile**
This company profile is for the private company Safra National Bank Of New York, headquarters located in New York, NY. Safra National Bank Of New York's line of business is national commercial bank.

## Company Profile: Safra National Bank Of New York

**Year Started:** 1995
**State of Incorporation:** NY
**URL:** 🔒 Activate Links
www.safra.com
**Location Type:** Headquarters
**Stock Symbol:** N/A
**Stock Exchange:** N/A
**Also Does Business As:** N/A
**NAICS:** N/A
**SIC #Code:** 🔒 View Details
**Est. Annual Sales:** 🔒 View Details
**Est. Employees:** 237
**Est. Employees at Location:** 150
**Contact Name:** Simone Morato
**Contact Title:** Chief Executive Officer

Banking & Finance Jobs
exclusive positions in switzerland for leaders and specialists
www.NZZexecutive.com/financialjobs

Commercial Banking Resume
Get Commercial Banking Firm Info, Job Listings, Salary Surveys, More!
www.Vault.com/Finance

Ads by Google

*Data above provided by D&B.*

**Additional Safra National Bank Of New York Company Information**

## Banco Safra S/A

546 5th Ave Bsmt, New York, NY 10036-5000, United States

Ads by Google

Commercial Banking Resume Get The Inside Scoop On Finance Jobs, Companies, Interviews & More!

Find your Local Bank Get the details of High Street Banks with Yellow Pages online.

1 PIP Forex Spreads On 10 Pairs Including 6 Majors Free Education. Free Live Chat

The ads are not affiliated with Banco Safra S/A



Find reports and articles on Banco Safra S/A

Find other Banco Safra S/A companies

More Companies in:
This Industry
New York, NY

Find Jobs in New York, NY





www.avafx.com
Ads by Google

# Banco Safra S/A

546 5th Ave Bsmt, New York, NY 10036-5000, United States  (Map) (Add Company Info)
**Phone:** (212) 382-9200
**SIC:** Commercial Banks, NEC
**Line of Business:** Commercial Bank

Ads by Google

Banking & Finance Jobs exclusive positions in switzerland for leaders and specialists

Banks Find Banks in your area. Get directions or print a map

Offshore Banking Services Offshore banks, Offshore accounts, Merchant accounts, Card Services.

The ads are not affiliated with Banco Safra S/A

### Detailed Banco Safra S/A Company Profile
This company profile is for the private company Banco Safra S/A, branch located in New York, NY. Banco Safra S/A's line of business is commercial bank.

### Company Profile: Banco Safra S/A

**Year Started:** N/A
**State of Incorporation:** N/A
**URL:** N/A
**Location Type:** Branch Location
**Parent Companies:** Letero Empreendimentos, Publicidade E Participacoes S/A , Banco Safra S/A
**Stock Symbol:** N/A
**Stock Exchange:** N/A
**Also Does Business As:** N/A
**NAICS:** N/A
**SIC #Code:** 6029
**Est. Annual Sales:** N/A
**Est. Employees:** 0
**Est. Employees at Location:** 30
**Contact Name:** Amy Saazedra
**Contact Title:** N/A

**Banks**
Find Banks in your area. Get directions or print a map
www.yell.com

**0-1 Pip on 10 Pairs**
Standard- Mini- Micro - No swap Same day Deposit and Withdrawal
ForexGen.com

**Belize Company**
Local Offshore Service Provider IBC registration, banking, nominees
www.incorporatebelize.com

**Offshore Banking Services**
Offshore banks, Offshore accounts, Merchant accounts, Card Services.
www.myoffshoreaccounts.com

Ads by Google

*Data above provided by D&B.*

### Additional Banco Safra S/A Company Information

**Have some information to add about Banco Safra S/A?**
Manta allows *you* to make additions and corrections to the information available for the *Banco Safra S/A* company profile. »Learn More

  Add Company Information

**Set Company Alert**
Stay in the know. Sign up to receive email alert notification when new information about Banco Safra S/A is available.

  Set Company Alert

**Looking for reports & articles on Banco Safra S/A?**
Manta also provides financial reports, credit reports, news articles, and market research reports on Banco Safra S/A.

  View Reports & Articles

# Letero Empreendimentos, Publicidade E Participacoes S/A (Letero Empreendimentos Publicidade E Participacoes Sa)

Av Brasil 78, Poa, SP, Brazil (Add Company Info)

**Phone:** (113) 175-7575

**Also Does Business As:** Letero Empreendimentos Publicidade E Participacoes Sa; Sodepa Sociedade De Empreendimentos Publicidade E Participacoes Sa; Sociedade De Empreendimentos Publicidade E Participacoes Sa

**SIC:** Offices of Holding Companies, NEC

**Line of Business:** Holding Companies, Nec, Nsk

Ads by Google

Work From Home Visiting our Web site looking for this type of opportunity

Earn Money From Home Easy & Fast Online Cash Opportunity Learn How & Start Earning Money!

EnterpriseRiskManagement Software, solutions and consulting Download free White Papers now!

The ads are not affiliated with Letero Empreendimentos, Publicidade E Participacoes S/A

## Additional Letero Empreendimentos, Publicidade E Participacoes S/A Company Information

**Have some information to add about Letero Empreendimentos, Publicidade E Participacoes S/A?**

Manta allows you to make additions and corrections to the information available for the Letero Empreendimentos, Publicidade E Participacoes S/A company profile. »Learn More

Add Company Information

**Set Company Alert**

Stay in the know. Sign up to receive email alert notification when new information about Letero Empreendimentos, Publicidade E Participacoes S/A is available.

Set Company Alert

**Looking for reports & articles on Letero Empreendimentos, Publicidade E Participacoes S/A?**

Manta also provides financial reports, credit reports, news articles, and market research reports on Letero Empreendimentos, Publicidade E Participacoes S/A.

View Reports & Articles