Barry R. Fischer (BF0274)
FISCHER & MANDELL LLP
550 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 840-9300

Attorneys for Defendants
*Safra National Bank of New York*
*Banco Safra, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STANTON STERLING SCHULTZ

                Plaintiff,

                              08cv02371 (RMB)

vs.

SAFRA NATIONAL BANK OF NEW YORK,
and BANCO SAFRA, S.A.

                Defendants.

---

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR THE COURT TO APPOINT *PRO BONO* COUNSEL AND TO PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*

Defendant Banco Safra, S.A., through its attorneys, submits this memorandum in opposition to plaintiff's application for the court to appoint *pro bono* counsel and the request to proceed *in forma pauperis*. Plaintiff's filings and pleadings thus far against Banco Safra, S.A. show a distinct lack of probability of success in establishing personal jurisdiction over defendant before this Court or indeed, anywhere in the United States. Plaintiff's applications are a misuse of the judicial system's resources.

## ARGUMENT

Under 28 U.S.C. 1915(d), courts have broad discretion in determining whether a civil plaintiff is to be granted *pro bono* counsel. See *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir.1986), citing *Miller v. Pleasure*, 296 F.2d 283, 284 (2d Cir.1961). Courts have interpreted the statute to provide plaintiffs with "meaningful access" to the courts but "no court has yet held meaningful access to mean that indigents must always be supplied with counsel in civil…cases." *Id.*

In deciding an application to appoint *pro bono* counsel, the courts must first determine whether the indigent's position seems likely to be of substance. *Hodge*, 802 F.2d at 61. If this threshold requirement is met, courts then consider the following factors, none of which are individually outcome determinative: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating need for cross-examination will be the major proof presented to the fact finder; (3) the indigent's ability to present the case, (4) the complexity of the legal issues; and (5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination. *Id.* at 61-62.

Here, plaintiff has not passed the threshold inquiry of whether his claim is of any substance. The Court has dismissed Safra National Bank from this case, and Banco Safra is prepared to submit a well-founded motion to dismiss because of this Court's lack of *in personum* jurisdiction over it and *forum non conveniens*.

Even assuming *arguendo* the Court decides plaintiff does pass the threshold issue, the factors above should be resolved against the plaintiff. Plaintiff has demonstrated that he has the time and ability to conduct a complete investigation as shown by his numerous evidentiary submissions to this Court. Plaintiff has also demonstrated his knowledge of

the legal standards and procedures associated with *in personum* jurisdiction, which is the primary disputed issue at this point in this case.

Equity requires that plaintiff's application be denied. Because plaintiff has already brought this case in Brazil and lost, it would be a waste of U.S. public resources to have *pro bono* counsel assigned to a plaintiff who is looking for a "second bite of the apple." If this case had any merit, plaintiff could easily have found counsel who would work on a contingent fee basis. Plaintiff's inability to establish such an arrangement with counsel indicates this case's lack of merit and its improbability of success.

Finally, as to his request to proceed *in forma pauperis*, plaintiff has appeared *pro se* in this case for several months and has shown his financial ability to cover court costs and travel expenses to attend court hearings and conferences in New York.

## CONCLUSION

For at least the foregoing reasons, we respectfully request that this Court deny plaintiff's application for the appointment of *pro bono* counsel and his request to proceed *in forma pauperis*, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 29, 2008

Respectfully submitted,

Barry R. Fischer (BF0274)
Fischer & Mandell LLP
550 Fifth Avenue – 6th Floor
New York, New York 10036
Tel.: (212) 840-9300
Fax: (212) 840-9323

Attorneys for Defendants

3