UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STANTON STERLING SCHULTZ                :
                                        :
                        Plaintiff,      :   08 Civ. 02371 (RMB)
                                        :
           -against-                    :   **ORDER**
                                        :
SAFRA NATIONAL BANK OF NEW YORK, and    :
BANCO SAFRA, S.A.                       :
                                        :
                        Defendants.     :
------------------------------------------------------------x

I.  **Introduction**

On or about July 1, 2008, Stanton Sterling Schultz ("Plaintiff"), proceeding pro se, moved for reconsideration, pursuant to Rule 6.3 of the Local Rules of the United States District Court for the Southern District of New York ("Local Rule 6.3"), of the Court's June 17, 2008 Order ("June 17, 2008 Order"), denying Plaintiff's March 13, 2008 motion to remand the case to New York State Supreme Court. "Plaintiff has presented no support for the proposition that [Safra National Bank of New York ("SNB")] is a proper party defendant"; "Plaintiff has not made any showing . . . that SNB dominated [Banco Safra, N.A. ("Banco Safra")] for any purpose, much less the Banco Safra transactions at issue"; and "[r]emand is unwarranted because neither of the proposed (additional) defendants would appear to impact diversity of citizenship jurisdiction." (June 17, 2008 Order at 5–6.)

Plaintiff argues, among other things, that "Banco Safra and [SNB] are integral parts of the 'Joseph Safra Family of Companies'"; and SNB is "the U.S. branch ('sister') financial institution of the Safra Group Conglomerate." (Affirmation in Supp. of Mot. for Reconsideration to Remand Case Back to New York State Supreme Court Based Upon Joinder of Additional Defs., dated July 1, 2008 ("Pl. Mot."), at 1, 2, 4, 5.) On or about July 11, 2007, Defendants

opposed Plaintiff's motion for reconsideration, arguing, among other things, that "Plaintiff has not provided any evidence or law overlooked by this Court's [June 17, 2008 Order]" and "merely repeats the same arguments and alleged facts." (Defs. Mem. of Law in Opp'n to Pl.'s Mot. for Reconsideration to Remand Case Back to New York State Supreme Court Based Upon Joinder of Additional Defs., dated July 11, 2008 ("Def. Opp'n"), at 2.) On July 21, 2008, Plaintiff filed a reply affirmation ("Reply").

On or about July 18, 2008, Plaintiff submitted an application for appointment of pro bono counsel, and an application to proceed in forma pauperis with a declaration attesting to his limited financial resources. (See Application for the Court to Request Counsel Pro Bono, dated July 18, 2008 ("Application to Appoint Counsel"); Request to Proceed In Forma Pauperis for Application for the Court to Request Counsel Pro Bono, dated July 18, 2008 ("Request to Proceed In Forma Pauperis").) Plaintiff states, among other things, that he requires counsel "[d]ue to the complexity of discovery issues and pre-trial disclosures"; and should be permitted to proceed in forma pauperis because he "filed for bankruptcy in the State of Colorado in 2003," earns $1,500 a month, and has $400 in his savings account. (Application to Appoint Counsel at 2; Request to Proceed In Forma Pauperis at 1–2.) On July 29, 2008, Defendants submitted an opposition to Plaintiff's applications, arguing, among other things, that Plaintiff has not shown that "his claim is of any substance . . . [and he] has the time and ability to conduct a complete investigation as shown by his numerous evidentiary submission to this Court." (See Defs.' Opp'n to Pl's Application for the Court to Appoint Pro Bono Counsel and Request to Proceed In Forma Pauperis, dated July 29, 2008 ("Defs. App. Opp'n"), at 2.) Defendants contend that Plaintiff "has shown his financial ability to cover court costs and travel expenses." (Id.)

Oral argument was held on July 30, 2008 at 10 a.m. (See Oral Argument Transcript, dated July 30, 2008 ("Transcript").) At oral argument, Plaintiff submitted a supplemental brief with an attachment in support of Plaintiff's motion for reconsideration which was accepted by the Court as a Court Exhibit. (Supplement with Attachment to Motion for Reconsideration to Remand Case Back to New York State Supreme Court Based Upon Joinder of Additional Defs., dated July 30, 2008 ("Sur-Reply").)

**For the reasons set forth below, Plaintiff's application to appoint counsel is denied and his application to proceed in forma pauperis is granted. Plaintiff's motion for reconsideration is denied.**

## II.    Legal Standard

The threshold inquiry for the Court when a civil plaintiff seeks the appointment of counsel is whether or not the plaintiff's claim "seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). The Court, thereafter, considers "the indigent's ability to investigate the crucial facts, . . . the indigent's ability to present the case, [and] the complexity of the legal issues." Santiago v. Duarte, No. 98 Civ. 6271, 1999 U.S. Dist. LEXIS 2452, at *1 (S.D.N.Y. Mar. 5, 1999) (citing Hodge, 802 F.2d at 61–62). "[C]ourts should not grant such applications indiscriminately." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).

"Leave to proceed in forma pauperis may be granted 'in any suit, action or proceeding, civil or criminal, or appeal therein' to a litigant who 'submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.'" Fridman v. City of New York, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002) (citing 28 U.S.C. § 1915(a)(1)).

"[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (citations omitted).

## III. Analysis

### Appointment of Counsel

At this relatively early stage of the proceedings, Plaintiff has not shown that his case is likely one of substance. See Wandersee v. Microsoft-Global Scale, No. 06-0898-cv, 2007 U.S. App. LEXIS 10976, at *1 (2d Cir. May 9, 2007). "From the face of the pleadings, there is reason to doubt that the claims asserted by the plaintiff in this action may have merit." Taylor v. N.Y. State Dep't of Corr. Servs., No. 03 Civ. 1929, 2004 U.S. Dist. LEXIS 3303, at *6 (S.D.N.Y. Mar. 4, 2004); (see also June 17, 2008 Order at 5 ("Plaintiff has not made any . . . showing, either in the Complaint or Plaintiff's remand papers, that SNB dominated Banco Safra for any purpose, much less the Banco Safra transactions at issue.") Nor has Plaintiff demonstrated that he is unable to present his case having made multiple filings, including a motion to remand this case to New York State Supreme Court, affirmations in support of the motion to remand with voluminous documentary support, the instant motion for reconsideration, the Sur-Reply with an attached document from the government of Gibraltar, see Ennis v. Adamczyk, No. 85 Civ. 7482, 1986 U.S. Dist. LEXIS 21629, at *1 (S.D.N.Y. Aug. 12, 1986), and applications to appoint pro bono counsel and to proceed in forma pauperis. Nor does it appear that the issues are significantly complex so as to warrant the appointment of pro bono counsel, see Martino v.

Westchester County Dep't of Corr., No. 06 Civ. 9900, 2007 U.S. Dist. LEXIS 22960, at *1 (S.D.N.Y. Mar. 28, 2007); see also Hodge, 802 F.2d at 61.

"[T]here is no constitutional right to appointed counsel in civil cases. Moreover, due to the scarcity of volunteer attorneys, the Second Circuit has cautioned against the routine appointment of pro bono counsel in civil cases." Gillette v. City of New York, No. 97 Civ. 4792, 1997 U.S. Dist. LEXIS 11322, at *1 (S.D.N.Y. Aug. 4, 1997) (citing Cooper, 877 F.2d at 172). "[V]olunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper, 877 F.2d at 172–73.

**In Forma Pauperis**

An application to proceed in forma pauperis "does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life." Potnick v. Eastern State Hospital, 701 F.2d 243, 244 (2d Cir. 1983) (citations omitted). Because Plaintiff's level of income, minimal bank account balance, and 2003 bankruptcy filing are supported by a declaration signed under penalty of perjury and demonstrates sufficient "financial hardship," Plaintiff's application is granted. Id.; (see also Pl.'s Decl. in Supp. of Request to Proceed In Forma Pauperis, dated Mar. 18, 2008.)

**Reconsideration**

Plaintiff's motion for reconsideration repeats substantially the same arguments presented and resolved in the June 17, 2008 Order and, even as supplemented by Plaintiff's Sur-Reply, does not "demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motions." Certain Underwriters at Lloyd's v. ABB Lummus Global, Inc., No. 03 Civ. 7248, 2004 U.S. Dist. LEXIS 10621, at *11 (S.D.N.Y. June

10, 2004). Plaintiff argues, for example, that he "is bringing his case against the 'Safra Group,' which operates in the U.S. through a financial holding company: SNBNY Holdings, Ltd. (Gibraltar)" (Pl. Mot. at 2), an argument raised in Plaintiff's opposition to Defendants' Notice of Removal. (See also Pl.'s Affirmation in Opp'n to Notice of Removal, dated Mar. 13, 2008, at 7; June 17, 2008 Order at 2.) "A party moving for reconsideration may not . . . simply repeat arguments already briefed, considered, and decided." Racepoint Partners, LLC v. JPMorgan Chase Bank, No. 06 Civ. 2501, 2007 U.S. Dist. LEXIS 1902, at *3 (S.D.N.Y. Jan. 11, 2007).

## IV.  Conclusion and Order

For the reasons set forth herein and in the June 17, 2008 Order, Plaintiff's application for appointment of counsel [#20] is denied, Plaintiff's request to proceed in forma pauperis [#21] is granted, and Plaintiff's motion for reconsideration [#17] is denied.

Going forward: (1) the parties are to complete all (fact and expert) discovery by October 31, 2008;

(2) Defendant's proposed motion to dismiss is to be served and filed on or before August 8, 2008; Plaintiff's opposition is to be served and filed on or before September 8, 2008; Defendant's reply, if any, is to be served and filed on or before September 15, 2008;

(3) The action is referred to United States Magistrate Judge Frank Maas for general pre-trial purposes (including discovery and settlement); and

(4) Plaintiff is advised to confer with the Court's Pro Se Clerk at 500 Pearl Street, New York, New York 10007.

Dated: New York, New York  
July 30, 2008

_RMB_  
RICHARD M. BERMAN, U.S.D.J.