Barry R. Fischer (BF0274)
FISCHER & MANDELL LLP
550 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 840-9300

Attorneys for Defendants
*Safra National Bank of New York*
*Banco Safra, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

STANTON STERLING SCHULTZ

                           Plaintiff,

        vs.

SAFRA NATIONAL BANK OF NEW YORK,
and BANCO SAFRA, S.A.

                          Defendants.

_____

## DECLARATION OF BARRY R. FISCHER

     I, Barry R. Fischer, declare under penalty of perjury of the laws of the United

States, as follows:

1.   I am an attorney duly admitted to practice law before the courts of the State of

     New York and the United States District Court for the Southern District of New

     York. I am a member of the firm of Fischer & Mandell LLP, counsel for

     defendant Banco Safra, S.A.

2.   I submit this declaration in support of defendant's motion to dismiss.

3.   A true and accurate copy of Motion to Remand Hearing Transcript is attached

     hereto as Exhibit A.

4.   A true and accurate copy of the Summons is attached hereto as Exhibit B.

5.   A true and accurate copy of the Declaration of Carlos Bertaco Bomfim is

     attached hereto as Exhibit C.

6. A true and accurate copy of the Court's Order on June 17, 2008 is attached

   hereto as Exhibit D.

Dated: New York, New York
     July 30, 2008

                                                                              Barry R. Fischer (BF0274)

# Exhibit A

86HYSCHC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   STANTON STERLING SCHULTZ,

4                  Plaintiff,,

5          v.                          08 Civil 2371  (RMB)

6   SAFRA NATIONAL BANK OF
    NEW YORK and
7   BANCO SAFRA, S.A.,

8                  Defendants.

9   ------------------------------x

10                                      June 17, 2008
                                        1:45 p.m.
11

12  Before:

13          HON. RICHARD M. BERMAN,

14                                      District Judge

15

16                      APPEARANCES

17

    STANTON STERLING SCHULTZ, Pro Se
18          400 S. Race Street
            Denver, colorado
19

20  FISCHER & MANDELL LLP
    Attorneys  for Defendants
21          550 Fifth Avenue
            New York, New York
22  BARRY R. FISCHER, ESQ.,
            Of counsel
23

24

25

                SOUTHERN DISTRICT REPORTERS, P.C.
                       (212) 805-0300

 1          THE COURT:  So we have pending an application or a

 2   dispute as to whether the matter should stay here or be

 3   remanded to state court and I had a few questions in connection

 4   with that, but did you anybody want to say anything before I

 5   ask my questions, either with respect to their respective

 6   positions?

 7          MR. SCHULTZ:  I just want to say most of my opinion is

 8   written and turned in on April 25, so I think --

 9          THE COURT:  Speak up so everybody can hear you.

10          MR. SCHULTZ:  My opinions are pretty much summarized

11   in the remand reply information in support of motion to remand

12   the case back which was presented on April 25, so I think that

13   pretty much sums up the case.

14          MR. FISCHER:  I will wait to hear your Honor's

15   questions.

16          THE COURT:  Just so I understand, Banco Safra is a

17   Brazilian entity?

18          MR. FISCHER:  It is, your Honor.

19          THE COURT:  And you don't live in Brazil, do you?

20          MR. SCHULTZ:  I was a resident of Brazil, I saw -- I

21   was a resident in Brazil for many years and I still have a

22   residence card to work in Brazil, but I'm actually a U.S.

23   citizen.  I was born in Alaska and I lived in the U.S. until I

24   was 24 years old.

25          THE COURT:  Okay.  So in these dealings that you are

```
 1   complaining about with Banco Safra, you were living in Brazil
 2   at the time?
 3              MR. SCHULTZ:  Yes.  I had a local account there, yes.
 4              THE COURT:  That was your bank?
 5              MR. SCHULTZ:  Safra was my bank, yes.
 6              THE COURT:  So you are complaining about, for want of
 7   a better term, mismanaged your affairs in your accounts and
 8   caused you financial harm, is that right?
 9              MR. SCHULTZ:  Yes, through the overdraft checking
10   account.
11              THE COURT:  Right.  And that is with this entity Banco
12   Safra?
13              MR. SCHULTZ:  Banco Safra is part of a financial
14   conglomerate called Safra Group so it is not a bank that works
15   on its own, it's part of a conglomerate group called Group
16   Safra.
17              THE COURT:  Do you still live in Brazil, not that it
18   matters?  There is some reference here to Colorado.  I think
19   you said you filed bankruptcy in Colorado.
20              MR. SCHULTZ:  Yes.  Yes.  I lived also until I was 24
21   years old in -- many years in Colorado, not all of them in
22   Colorado, but I'm a U.S. citizen and I have family that lives
23   in Denver and I'm saying with them through the court case.
24              I am trying to initiate this court case here --
25              THE COURT:  You mean this court case or a court case
```

1  in Colorado?

2      MR. SCHULTZ:  No, the court case in New York, because

3  that's where the Banco Safra has --

4      THE COURT:  This case?

5      MR. SCHULTZ:  Yes, this case here.  I never initiated

6  a case in Denver.  I never initiated the case against Banco

7  Safra in Denver.

8      THE COURT:  You had a bankruptcy in Colorado?

9      MR. SCHULTZ:  Yes, because that's where my U.S.A.

10  address was always has been for many, many years.

11      THE COURT:  Okay.

12      I think I understand a little better now.

13      At the time you were having these dealings with Banco

14  Safra in Brazil, you weren't having any direct or indirect

15  dealings with Safra National Bank of New York, were you?

16      MR. SCHULTZ:  No.

17      THE COURT:  I just wanted to clear that up.

18      I think those were all the questions I had.  I'm

19  pretty far along in understanding the situation.

20      There is one -- I think you say, plaintiff does, in

21  your, maybe in your reply submission, you are not arguing that

22  either Banco Safra or Safra National Bank of New York exercises

23  control over the others?  In fact, you say they don't, right?

24      MR. SCHULTZ:  Right, they don't, because they are set

25  up as independent banking or financial corporations in the

1    country where they operate in, but they are all sister

2    institutions on the same Safra Group and they are all connected

3    through the same owner, which is Joseph Safra.

4        THE COURT:  Where is he from?  Is he from Gibraltar?

5        MR. SCHULTZ:  Joseph Safra is a Brazilian from I

6    believe Syria.

7        THE COURT:  He is a Brazilian?

8        MR. SCHULTZ:  I know he is Brazilian.  I don't know

9    exactly actually what nationality he is for sure, but he has

10   Brazilian nationality.  He may have another nationality that I

11   don't know about.

12       THE COURT:  All right.  Fair enough.  That's it.

13       Counsel, did you want to add anything or comment?  You

14   don't have to.

15       MR. FISCHER:  Our papers speak for themselves, your

16   Honor.  There is nothing I can add.

17       THE COURT:  Okay.  All right.

18       I will get to this pretty soon.  I will put something

19   out if not this afternoon, tomorrow morning.

20       MR. FISCHER:  Thank you, your Honor.

21       THE COURT:  Okay.  Anything else that anybody wanted

22   to say?

23       (Pause)

24       Okay.  If anybody wants a copy of the transcript of

25   today's proceeding, there is a court reporter here and you make

1    your own arrangements with the court reporter.

2                 Okay, thanks.  Nice to see you.

3                                 - - -

# Exhibit B

[Print in *black* ink all areas in bold letters. This summons *must* be served with a complaint.]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------x

Stanton Sterling Schultz

[your name(s)]                    Plaintiff(s)

- against -

Safra National Bank of New York/
Banco Safra S.A.

[name(s) of party being sued]      Defendant(s)

-------------------------------------------------x

**SUMMONS**

**Index Number**

400265/08

**Date Index Number purchased**

February 7, 2008

To the Person(s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated:_____, 200__
[date of summons]

NEW YORK
COUNTY CLERK'S OFFICE

FEB 07 2008

NOT COMPARED
WITH COPY FILE

Stanton Schultz
[sign your name]

Stanton Schultz
[print your name]

400 S. Race St.
Denver, CO 80209
(303) 744-1106
[your address(es), telephone number(s)]

Defendant(s)  Safra National Bank of
New York (Group)
Banco Safra S.A.

546 Fifth Ave.
New York, NY 10036
(212) 704-5500

[address(es) of defendant(s)]

Venue: Plaintiff(s) designate(s) New York County as the place of trial. The basis of this designation is: [check box that applies]
□ Plaintiff(s) residence in New York County
□ Defendant(s) residence in New York County
□ Other [See CPLR Article 5]: _____

7-06

**Exhibit C**

Barry R. Fischer (BF0274)
FISCHER & MANDELL LLP
550 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 840-9300

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

STANTON STERLING SCHULTZ
                          Plaintiff,

        vs.

SAFRA NATIONAL BANK OF NEW YORK,
and BANCO SAFRA, S.A.
                          Defendants.

_____

## **DECLARATION**

Carlos Bertaco Bomfim, hereby declares, under penalties of perjury of the laws of the United States, that:

1. I am the Controller of Safra National Bank of New York. I am fully aware of the applicable legal status of Safra National Bank of New York, its principal place of business, place of incorporation, organizational structure and authority to operate.

2. Safra National Bank of New York is a United States national banking corporation, conducting banking operations exclusively in the United States, with a principal place of business in New York County, New York, and two branches in Dade County, Florida.

3. Safra National Bank of New York is not a branch of Banco Safra, S.A., or legally related to Banco Safra, S.A.

1

4.  Banco Safra, S.A. has no authority, ability or power to control Safra National Bank of New York.

5.  Safra National Bank of New York is an independent U.S. national banking company, which has no ability to control, impact or direct Banco Safra, S.A., nor has it ever held itself out as such.

6.  Attached hereto as Exhibit A is the Certificate from the Comptroller of the Currency of the Treasury Department of the United States authorizing the commencement of business as a national bank.

7.  Attached hereto as Exhibit B is a Certification from the Department of the Treasury, Internal Revenue Service, certifying Safra National Bank of New York is a U.S. Corporation.

8.  Attached hereto as Exhibit C is the Articles of Association for Safra National Bank of New York, filed with the Comptroller of the Currency.

Dated: New York, New York
       March 11th , 2008

State of New York
County Of _NEW YORK_

Carlos Bertaco Bomfim

KAREN DA-IN CHANG
Notary Public, State of New York
No. 01CH5004133
Qualified in Queens County
Certificate Filed in New York County
My Commission Expires Nov. 8, 2010

2

**Exhibit D**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
STANTON STERLING SCHULTZ                                :

                                    Plaintiff,           :

               -against-                                 :        08 Civ. 02371 (RMB)

                                                         :        **ORDER**
SAFRA NATIONAL BANK OF NEW YORK, and :
BANCO SAFRA, S.A.                                        :

                                    Defendants.          :
----------------------------------------------------------x

**I.    Background**

On or about February 7, 2008, Stanton Sterling Schultz ("Plaintiff"), proceeding pro se,

filed a complaint ("Complaint") in New York State Supreme Court, New York County against

Safra National Bank of New York ("SNB") and Banco Safra, N.A. of Brazil ("Banco Safra")

(collectively, "Defendants") alleging that Banco Safra "began making transactions between []

two separate accounts, [a] checking account and [an] investment account with Safra Brokerage

without proper authorization" (see Aff. of Barry R. Fischer, dated April 4, 2008 ("Fischer Aff."),

Ex. D, ¶ 4) in Brazil which were the "basis for dis-structuring [sic] Plaintiff's financial position

[and which] caus[ed] Plaintiff to file for bankruptcy in [the] State of Colorado in 2003." (Id.

Ex. D, ¶ 8.)[1]

--------------------------------------

[1]At oral argument on June 17, 2008, Plaintiff stated that his dealings with Banco Safra
occurred while he was resident in Brazil. (See Oral Argument Transcript, dated June 17, 2008
("Transcript").)

Plaintiff attached a translation of a 2006 decision from a Brazilian court to his Complaint
(see Aff. in Opp'n to Notice of Removal ("Remand Aff."), Vol. 1, Ex. 1 at 11-13) which seems
to indicate that Plaintiff filed a similar lawsuit against Banco Safra in Brazil in 2004. (See id.)
The Brazilian Court appears to have determined that "there was no unlawful action by the bank,
no damages are due." (Id.) The action was dismissed on March 26, 2006. (Id.)

On or about March 7, 2008, Defendants removed the case to this Court based upon diversity jurisdiction, under 28 U.S.C. § 1332(a), asserting, among other things, that "[P]laintiff is a citizen solely of the State of Colorado"; SNB "is a national banking corporation formed under the laws of the United States, with its principal place of business in New York and with branches in Florida"; and Banco Safra is a "corporation formed under the laws of Brazil, with a principal place of business in Sao Paulo, Brazil." (See Notice of Removal, dated March 7, 2008.) Defendants assert that "[t]his action is subject to removal because complete diversity of citizenship exists and the amount in controversy exceeds $75,000." (Notice of Removal ¶ 8.)

On or about March 13, 2008, Plaintiff filed an Affirmation in Opposition to Notice of Removal seeking a remand to state court and joinder of SNBNY Holdings, Ltd. ("SNBNY") and Joseph Safra as defendants. Plaintiff argues, among other things, that: (1) the matter should be remanded "due to inclusion of additional defendants"; (2) remand is warranted "due to CPLR Article 5, Sec. 503(c) where [a] foreign corporation (bank/financial holding company) shall be deemed resident of the county in which [its] principal office is located: New York"; and (3) the Plaintiff should be able to pursue an action "where the defendant maintains offices and transacts business with [eight] financial institutions that belong to the [Safra Group] of Companies, all owned by Joseph Safra through [] SNBNY Holdings Limited, located in Gibralt[a]r." (Remand Aff. at 5, 7.)

On or about April 4, 2008, Defendants filed a Memorandum of Law Opposing Remand to State Court and in Support of Motion to Dismiss arguing, among other things, that: (1) SNB was joined "in a case to which it has no connection for the sole purpose of obtaining jurisdiction over Banco Safra in New York"; (2) "the Complaint fails to allege sufficient factual foundation to support that SNB has any connection to Plaintiff"; and (3) "the Complaint fails to allege facts

2

that could establish a basis for piercing the corporate veil between SNB and Banco Safra for the purpose of holding SNB liable for Banco Safra's alleged acts." (Defs. Mem. of Law Opposing Remand to State Court and in Supp. of Mot. to Dismiss, dated Apr. 4, 2008 ("Defs. Mem."), at 2.)[2]

On or about April 25, 2008, Plaintiff filed a Reply Affirmation. (See Reply Aff. in Supp. of Mot. to Remand Case Back to the N.Y. State Supreme Ct. Based on Joinder of Additional Defs., dated April 24, 2008, ("Reply Aff.").) Oral argument was held on June 17, 2008.

**For the reasons set forth below, Plaintiff's motion to remand is denied.**

## II.    Legal Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . [c]itizens of different States [and] citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a).

"The presence of a single in-state defendant serves to defeat removal on diversity grounds." Vasura v. Acands, 84 F. Supp. 2d 531, 538 (S.D.N.Y. 2000). At the same time, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998).

---

[2] The Court is ruling only upon the issue of remand/removal, not upon Plaintiff's application to add new defendants nor upon Defendant's application, if any, to dismiss claims and/or parties other than SNB. Nor is the Court determining whether New York is the proper venue for this action.

3

"Where a complaint was filed pro se, [a court is to] construe it broadly and interpret it to raise the strongest arguments it suggests." Bernas v. Cablevision Sys. Corp., 215 Fed. Appx. 64, 66 (2d Cir. 2007).

**III.   Analysis**

Defendants acknowledge that if "SNB, as a citizen of New York, were a proper party to this action, its presence would destroy diversity citizenship and thereby deprive this Court of jurisdiction under 28 U.S.C. § 1441(b)." (Defs. Mem. at 4-5) (footnotes omitted.) They argue, among other things, that SNB is not a proper party, i.e. that SNB was fraudulently joined. "There must be some reasonable basis for predicting that state law might impose liability against a defendant. If not, its joinder is merely to defeat diversity and, thereby fraudulent." (Defs. Mem. at 5.)

To prove "fraudulent joinder" a defendant must show, "by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based upon the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." Pampillonia, 138 F.3d at 461. "If fraudulent joinder is found, and the requirements of jurisdiction are otherwise met, then the case was properly removed and the Court has subject matter jurisdiction." Sonnenblick-Goldman Co. v. ITT Corp., 912 F. Supp. 85, 87 (S.D.N.Y. 1996).

The Complaint alleges that Banco Safra – not SNB – made unauthorized transactions in Brazil which were the "basis for dis-structuring [sic] Plaintiff's financial position [and which] caus[ed] Plaintiff to file for bankruptcy in [the] State of Colorado in 2003." (See Fischer Aff. Ex. D., ¶ 8.) Plaintiff's sole (and unpersuasive) allegation against SNB is that it is "the U.S. Branch of the international banking group, Banco Safra, N.A., with [its] address [] at 546 Fifth

4

Ave., New York, NY." (Id. ¶ 2.) The strongest argument (possibly) suggested by this allegation is that SNB serves as an "alter ego" of Banco Safra.

Defendants argue persuasively, among other things, that "there is no connection between SNB and Banco Safra." (Defs. Mem. at 10). They submit a (clear and convincing) declaration made under penalties of perjury, dated March 11, 2008, from Carlos Bertaco Bomfim, the Controller of SNB, which states "[SNB] is not a branch of [Banco Safra] or legally related to [Banco Safra]"; "[Banco Safra] has no authority, ability or power to control [SNB]"; and "[SNB] is an independent U.S. national banking company, which has no ability to control, impact or direct [Banco Safra], nor has it ever held itself out as such." (Decl. of Carlos Bertaco Bomfim, dated Mar. 11, 2008, ¶ 3-5.) And, in his Reply Affirmation, Plaintiff concedes that **"neither bank [Banco Safra or SNB] exercises control over the other"** and **"each financial institution has its own management and directors."** (Reply Aff. at 15 (emphasis added); see also Transcript.)

Plaintiff has presented no support for the proposition that SNB is a proper party defendant. "The Court must examine plaintiff's claims to determine whether they have any merit and thus preclude a finding that they were fraudulently asserted to defeat diversity." Fahnestock & Co. Inc. v. Castelazo, 741 F. Supp. 72, 74 (S.D.N.Y. 1990). "Those seeking to pierce a corporate veil of course bear a heavy burden of showing that the corporation was dominated as to the transaction attacked and that such domination was the instrument of fraud or otherwise resulted in wrongful or inequitable consequences." TNS Holdings, Inc. v. MKI Sec., Corp., 92 N.Y.2d 335, 339 (N.Y. 1998). Plaintiff has not made any such showing, either in the Complaint or in Plaintiff's remand papers, that SNB dominated Banco Safra for any purpose, much less the Banco Safra transactions at issue. Defendant has shown that there is no possibility

5

that Plaintiff "can state a cause of action against [SNB] in state court." See Pampillonia, 138

F.3d at 461. "Because the Complaint does not plead the legal elements of piercing the corporate

veil, . . . the claims against [SNB] are dismissed." Sonnenblick-Goldman, 912 F. Supp. at 90.

     Plaintiff also argues that this Court should remand "due to inclusion of additional

defendants", presumably SNBNY and Joseph Safra. (Remand Aff. at 7.) Plaintiff acknowledges

that SNBNY is "headquartered in Gibraltar" (see Reply Aff. at 1) and does not allege any

jurisdictional facts regarding Joseph Safra – although Plaintiff's remand papers seem to suggest

that Joseph Safra is a domiciliary of Brazil. (See Reply Aff. Ex. 8. at 1.) "If after removal the

plaintiff seeks to join additional defendants whose joinder would destroy subject matter

jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State

court." 28 U.S.C. § 1447(e). Remand is unwarranted because neither of the proposed

(additional) defendants would appear to impact diversity of citizenship jurisdiction.

## IV.   **Conclusion and Order**

     For the reasons stated above, the action against SNB is hereby dismissed and Plaintiff's

motion to remand [#5] is denied.

     The parties are directed to participate in a status/settlement conference on Wednesday,

July 30, 2008, at 10:00 a.m., in Courtroom 21D, 500 Pearl Street, New York, New York. **The**

**parties are directed to engage in good faith settlement negotiations prior to the conference.**

Dated: New York, New York
      June 17, 2008

**RICHARD M. BERMAN, U.S.D.J.**

6