Barry R. Fischer (BF0274)
FISCHER & MANDELL LLP
550 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 840-9300

Attorneys for Defendants
*Safra National Bank of New York*
*Banco Safra, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STANTON STERLING SCHULTZ

       Plaintiff,

               08cv02371 (RMB)

vs.

SAFRA NATIONAL BANK OF NEW YORK,
and BANCO SAFRA, S.A.

       Defendants.

---

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant Banco Safra, S.A., through its attorneys, submits this memorandum in support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(4) (hereinafter, "Rule 12(b)(4)"), and Fed. R. Civ. P. 12(b)(2) (hereinafter, "Rule 12(b)(2)"). Plaintiff Stanton Sterling Schultz (hereinafter "plaintiff") has not effected proper service or obtained *in personum* jurisdiction over Banco Safra, S.A., as is required under Rule 12(b)(4) and Rule 12(b)(2), respectively. Therefore, plaintiff's action must be dismissed in its entirety as against Banco Safra, S.A..[1]

---

[1] Pursuant to the Court's order on June 17, 2008, Safra National Bank of New York is dismissed from this case.

## SUMMARY OF ARGUMENT

This action against Banco Safra, S.A. cannot be maintained in this court because (i) plaintiff's service of his summons and complaint on Banco Safra, S.A. violates the procedures set forth under the Inter-American Convention on Letters Rogatory; (ii) assuming *arguendo* Banco Safra, S.A. was properly served, this Court lacks *in personum* jurisdiction over Banco Safra, S.A. in New York; and (iii) assuming *arguendo* service is proper and *in personum* jurisdiction is obtained over Banco Safra, S.A., the Court should dismiss this case on the grounds of *forum non conveniens*.

Plaintiff has not provided any persuasive evidence that Banco Safra, S.A. has or ever had offices or employees in New York. Plaintiff also has not provided any evidence that Banco Safra, S.A. ever had the authority to do business in the U.S. from either the Controller of the Currency or from a state banking department. By plaintiff's own admission, Banco Safra, S.A. did not transact any business in New York with regard to his claims. All of the events, witnesses, and documents that pertain to plaintiff's claim are located in Brazil.

## FACTUAL BACKGROUND

On or about February 7, 2008, Plaintiff commenced this action *pro se* in New York State Supreme Court, New York County and served a summons and complaint via regular mail upon Safra National Bank of New York ("SNB") addressed to 546 Fifth Avenue, New York City. In the summons, Plaintiff listed SNB and Banco Safra, S.A. under the same address. See Exhibit B attached to the Declaration of Barry R. Fischer. In the complaint, plaintiff alleges that Banco Safra, S.A. negligently made unauthorized transactions in plaintiff's checking and investment accounts in Brazil. Plaintiff alleges

2

that an entity called "Safra Banking Group" is the owner of Banco Safra, S.A.. Plaintiff contends that because "Safra Banking Group" controls both Banco Safra, S.A. and SNB, service upon Banco Safra, S.A. could be made upon SNB. "Safra Banking Group," however, is not a legal entity and does not own or control either Banco Safra, S.A. or SNB. Rather, Banco Safra, S.A. and SNB are entirely separate legal entities with principal places of business in different countries. See Exhibit C attached to the Declaration of Barry R. Fischer.

On or about March 7, 2008, defendants removed this action based on diversity of citizenship to the United States District Court, Southern District of New York. On or about March 13, 2008, plaintiff filed an Affirmation in Opposition to Notice of Removal seeking a remand to state court.

On or about April 4, 2008, defendants filed an opposition to plaintiff's motion to remand, and on or about April 25, 2008 plaintiff filed a reply affirmation.

By Order dated June 17, 2008, this Court denied plaintiff's motion for a remand and dismissed SNB from this case on the grounds that SNB was not a proper party defendant. See Exhibit D attached to the Declaration of Barry R. Fischer, pp. 5-6. Banco Safra, S.A. now moves to dismiss this action pursuant to Rule 12(b)(4) and Rule 12(b)(2).

# ARGUMENT

## POINT I

### PLAINTIFF HAS FAILED TO EFFECT PROPER SERVICE ON DEFENDANT BANCO SAFRA, S.A., PURSUANT TO RULE 12(B)(4)

Because plaintiff commenced this action in New York State court, service of process must comply with the New York Civil Practice Law and Rules (CPLR). See *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945). Plaintiff must prove by a preponderance of the evidence, that jurisdiction was obtained by proper service of process. *Roberts v. Anka,* 846 N.Y.S.2d 280, 282 (2d Dep't 2007), citing *Bankers Trust Co. of Cal. v. Tsoukas,* 756 N.Y.S.2d 92, 94 (2d Dep't 2003).

The United States and Brazil are signatories to the *Inter-American Convention on Letters Rogatory*, which provides means by which a plaintiff resident in one signatory nation may serve process on a defendant residing in another signatory nation. See *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir.1994); *Value Partners S.A. v. Bain & Co., Inc.*, 1998 WL 336648 (S.D.N.Y. 1998).

Brazilian law requires that service of process by a foreign plaintiff must be made pursuant to a Letters Rogatory or letter of request transmitted through diplomatic channels. *Matter of Commodity Futures Trading Commn. v. Nahas.*, 738 F.2d 487, 494 (D.C. Cir.1984).

Here, plaintiff purported to serve process on Banco Safra, S.A. at 546 Fifth Avenue, New York City, an address where Banco Safra, S.A. does not have nor has it ever had an office. See Exhibit B. Plaintiff failed to comply with the *Inter-American Convention* requirements because he did not serve Banco Safra, S.A., a Brazilian entity, with Letters Rogatory. See *Id.* at 494-495; *F. Hoffmann-La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155, 164 (2004) citing *Murray v. The Schooner Charming Betsy,* 6 U.S. (2

Cranch) 64, 118 (1804) (courts, wherever possible, should construe federal statutes to ensure their application will not violate international law). A treacherous precedent would be set if the Court were to condone plaintiff's failure to abide by proper procedure and require a Brazilian entity to be hauled before a foreign court, with complete disregard for its own sovereign's laws and treaties. See *Morgenthau v. Avion Resources Ltd.*, 849 N.Y.S.2d 223, 229 (1st Dep't 2007).

Because plaintiff failed to comply with the *Inter-American Convention* by not serving Banco Safra, S.A. with Letters Rogatory, service was not proper and this Court did not obtain jurisdiction. Therefore, the Court should dismiss this case pursuant to Rule 12(b)(4).

Finally, plaintiff has admitted that SNB is not controlled by Banco Safra, S.A. nor is it the agent of Banco Safra, S.A. See Exhibit A attached to the Declaration of Barry R. Fischer. Plaintiff's mistaken belief that he could obtain jurisdiction over Banco Safra, S.A. by mail service on SNB is based on his misguided view that both banks have common ownership, which is neither relevant nor accurate.

## POINT II

### THE COURT LACKS *IN PERSONUM* JURSIDICTION OVER BANCO SAFRA, S.A. PURSUANT TO RULE 12(B)(2)

Plaintiff has the burden to establish that this Court has *in personum* jurisdiction over defendant. See *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1317 (11th Cir.2006). Plaintiff has failed to meet this burden because he has not set forth any relevant facts that would establish this Court's jurisdiction over Banco Safra, S.A..

Under CPLR §301, in determining whether a foreign corporation may be sued in New York on any general matter, courts inquire whether the corporation is "engaged in

5

such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction." C.P.L.R. §301 (2008); *Laufer v. Ostrow*, 55 N.Y.2d 305, 309-310 (1982). Courts engage in the following examination:

> ...[W]hether aggregate of corporation's activities in state are such that it may be said to be "present" in state not occasionally or casually, but with fair measure of permanence and continuity and whether quality and nature of corporation's contacts with state are sufficient to make it reasonable and just according to traditional notions of fair play and substantial justice that it be required to defend action in state." *Id.* at 310.

Here, plaintiff has not set forth any evidence to show that Banco Safra, S.A. does business in New York. Additionally, there is no evidence to show that Banco Safra, S.A. has or ever had authority to do business in New York as required by either federal or state banking laws. See e.g. N.Y. Banking Law §200 (2008).

Jurisdiction over a non-domiciliary may also be obtained through New York's long-arm statute. Under CPLR §302(a)(1), a non-domiciliary may be subject to personal jurisdiction in New York if it "transacts any business within the state or contracts anywhere to supply goods or services in the state" so long as the cause of action arises out of such transaction. C.P.L.R. §302(a)(1) (2008).

Here, this inquiry is easily resolved because plaintiff has not alleged that Banco Safra, S.A. transacted any business in New York with regard to plaintiff's claims. By his own admission, plaintiff has stated that his claim against Banco Safra, S.A. arose out of transactions which transpired completely in Brazil. See Exhibit A, pp. 4-5. Because Banco Safra, S.A. has not transacted business in New York in relation to this action, there is no long arm jurisdiction over it in this case.

## POINT III

## THE COURT SHOULD DISMISS THIS CASE ON THE GROUNDS OF FORUM NON CONVENIENS

Even assuming *arguendo* that plaintiff did effect proper service and this Court does have *in personum* jurisdiction over Banco Safra, S.A., the Court should dismiss this case under the doctrine of *forum non conveniens*. Under this doctrine, a court may dismiss an action where it determines that the action, though jurisdictionally sound, does not have any connection with the state and would be better adjudicated elsewhere. *Islamic Republic of Iran v. Pahlavi*, 62 N.Y.2d 474, 478-479 (1984). Courts exercise discretion in making this determination, and may consider the following factors: (1) potential hardship to the defendant; (2) whether both parties to the action are nonresidents; (3) whether the transaction out of which the cause of action arose occurred primarily in a foreign jurisdiction; and (4) the unavailability of an alternative forum in which plaintiff may bring suit. *Id.* at 479. "No one factor is controlling… [and] the great advantage of the rule of *forum non conveniens* is its flexibility based upon the facts and circumstances of each case." *Id.*

Here, each factor favors dismissal of this action under the doctrine. First, since Banco Safra, S.A. does not do any business in New York, it would be an enormous burden for it to defend an action here in New York. Secondly, both parties are nonresidents with no connection to New York whatsoever. See Exhibit A. Third, according to plaintiff's admission, the transaction out of which this cause of action arose occurred exclusively in Brazil. See *Id.* The parties and this Court would be deeply burdened by the time and expense of litigating this case in New York because all the relevant documents and witnesses are located in Brazil.

Finally, plaintiff unsuccessfully brought an action against Banco Safra, S.A. in Brazil. Under sections 467 to 475 of the Brazilian Code of Civil Procedure, there is an identical concept to *res judicata* which is called *coisa julgada*. To now bring this action in New York would violate this Brazilian principle. Under the principle of international comity, U.S. courts have often respected the rulings of foreign courts and have chosen not to litigate issues already decided by those courts. *See Giaguara S.p.A. v. Amiglio*, 257 F.Supp.2d 529, 542 (E.D.N.Y. 2003).

## CONCLUSION

For at least the foregoing reasons, we respectfully request that this Court grant Banco Safra, S.A.'s motion to dismiss the complaint in its entirety together with such other and further relief as the Court deems just and proper.

Dated: New York, New York

July 30, 2008

Respectfully submitted,

Barry R. Fischer (BF0274)
Fischer & Mandell LLP
550 Fifth Avenue – 6th Floor
New York, New York 10036
Tel.: (212) 840-9300
Fax: (212) 840-9323

Attorneys for Defendants

8