**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
STANTON STERLING SCHULTZ,                     :
                                              :
                              Plaintiff,      :          08 Civ. 2371 (RMB) (FM)
                                              :
             -against-                        :     **ORDER**
                                              :
SAFRA NATIONAL BANK OF NEW YORK,              :
and BANCO SAFRA, S.A.,                        :
                                              :
                              Defendants.     :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/10/09

**I.      Background**

On or about February 7, 2008, Stanton Sterling Schultz ("Plaintiff"), proceeding pro se,

filed a complaint ("Complaint") in New York State Supreme Court, New York County against

Safra National Bank of New York ("SNB") and Banco Safra, N.A. of Brazil ("Banco Safra")

(collectively, "Defendants") alleging that Banco Safra "began making transactions between []

two separate accounts, [a] checking account and [an] investment account with Safra Brokerage

without proper authorization" in Brazil which were the "basis for dis-structuring [sic] Plaintiff's

financial position [and which] caus[ed] Plaintiff to file for bankruptcy in [the] State of Colorado

in 2003." (Compl., dated Feb. 7, 2008, at ¶¶ 4, 8.)  On or about March 7, 2008, Defendants

removed the case to this Court, pursuant to 28 U.S.C. § 1441, based upon diversity jurisdiction.

(See Notice of Removal, dated Mar. 7, 2008.)  On June 17, 2008, this Court issued an order

denying Plaintiff's motion to remand the case to state court and dismissing the action against

SNB.  (See Order, dated June 17, 2008, at 6.)

On or about July 30, 2008, Banco Safra filed a motion to dismiss ("Motion to Dismiss")

pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(2) and 12(b)(4), arguing,

among other things, that this Court lacks personal jurisdiction over Banco Safra because Plaintiff

"has not set forth any evidence that Banco Safra does business in New York" and "Banco Safra has not transacted business in New York in relation to this action." (Def.'s Mem. of Law in Supp. of Mot. to Dismiss, dated July 30, 2008 ("Def. Mem."), at 6.) On or about September 5, 2008, Plaintiff opposed the Motion to Dismiss and cross-moved to add Joseph Safra ("Joseph Safra") as a co-defendant, arguing, among other things, that "Mr. Safra's jurisdiction is permissible as he and . . . Banco Safra . . . have continuous and systematic activity (banking) and the cause of action is related to that activity (negligent and non-authorized transactions)." (Aff. in Opp'n to Mot. to Dismiss and Cross-Mot. to Join Additional Def. for Personal Jurisdiction, dated Sept. 8, 2008 ("Pl. Aff."), at 5.)

On November 19, 2008, United States Magistrate Judge Frank Maas, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report"), recommending that Banco Safra's motion to dismiss the complaint be granted, and Plaintiff's cross-motion to join Mr. Safra be denied. (Report at 8.) Judge Maas concluded, among other things, that (1) "[Banco Safra] has engaged in no activities, either directly or indirectly, which would give rise to a basis for personal jurisdiction over it"; and (2) there is "no reason to believe that Mr. Safra personally played any role in the transactions giving rise to this suit." (Report at 7, 8.)

On or about December 1, 2008, Plaintiff filed objections to the Report ("Objections") arguing, among other things, that (1) Banco Safra "can be considered as regularly doing or soliciting business, or engaging in other persistent [course] of conduct, or deriving substantial revenue from goods used or consumed or services rendered, in the State of New York"; and (2) Joseph Safra "is responsible for acts committed by his employees under his control against a U.S. Citizen [i.e., Plaintiff]." (Objections at 6 (emphasis omitted).) Plaintiff also argues, for the first time in his Objections, that "coincidentally both of the recent cases . . . filed with the U.S.

District Court, Southern District [in which SNB was sued] . . . all wind up in the control of Hon. Magistrate Judge Frank Maas" and the Report "is obviously very protective regarding the recommendation for avoiding personal jurisdiction over Mr. Joseph Yacoub Safra." (Objections at 2.) Plaintiff also included a motion, dated December 1, 2008, to "complete discovery issues for gaining jurisdiction over Banco Safra in the State of New York by requesting certain testimonies and subpoenaed information." (Objections at 5.)

On or about December 4, 2008, Banco Safra opposed Plaintiff's Objections, including Plaintiff's application for additional discovery. (See Def.'s Mem. of Law in Opp'n to Pl.'s Motion to Compel Discovery and in Opp'n to Pl.'s Objection to Magistrate Judge's Report and Recommendation, dated Dec. 4, 2008 ("Opposition").) On December 31, 2008, Plaintiff filed a reply ("Reply"). On March 10, 2009, the Court held oral argument. (See Oral Argument Tr. dated March 10, 2009, ("Tr.").)

**For the reasons set forth below, the Court adopts the Report in its entirety and grants Banco Safra's Motion to Dismiss and denies Plaintiff's application for additional discovery.**

## II.    Legal Standard

The Court "shall make a de novo determination of those portions of the report or specified findings or recommendations to which an objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). As to any portions of a magistrate judge's report to which no objections have been made, the district judge may adopt all findings that are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985).

Where, as here, the plaintiff is proceeding pro se, "leniency is generally accorded." Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 U.S. Dist. LEXIS 6302, at *2 (E.D.N.Y. Jan. 12, 1999).

## III.   Analysis

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted.  The Court has conducted a de novo review of, among other things, the Complaint, the Motion to Dismiss, the Report, Plaintiff's Objections, Banco Safra's Opposition, Plaintiff's Reply, and applicable legal authorities, and concludes that the determinations and recommendations made by Judge Maas are supported by the record and the law in all material respects.  See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  Plaintiff's Objections do not provide any basis for departing from the Report's recommendations.[1]

### (1)   Personal Jurisdiction

Judge Maas analyzed New York Civil Practice Law and Rules ("C.P.L.R.") §§ 301 and 302 and correctly concluded that Plaintiff "has not shown that Banco Safra conducted any business or maintained an office in New York," (Report at 4), see IP Co. LLC v. General Commun., Inc., No. 07 Civ. 2372, 2007 U.S. Dist. LEXIS 81451, at *8 (S.D.N.Y. Oct. 31, 2007); "by [Plaintiff's] own admission, his claim arises solely out of Banco Safra's conduct in Brazil," (Report at 5), see Marketing Showcase, Inc. v. Alberto-Culver Co., 445 F. Supp. 755, 758 (S.D.N.Y. 1978); and "the only conceivable consequence in the United States of Banco Safra's conduct is that [Plaintiff] was forced to file a personal bankruptcy proceeding in Colorado," (Report at 7), see Vista Food Exch. v. Joyce Foods, No. 96 Civ. 0012, 1996 U.S.

_____

[1]   As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous.  See Pizarro, 776 F. Supp. at 817.  Any of Plaintiff's Objections not specifically addressed in this Order have been considered de novo and rejected.

Dist. LEXIS 3252, at *9 (S.D.N.Y. Mar. 20, 1996).  Plaintiff has not shown that Banco Safra is

"an entity doing business in New York," IP Co., 2007 U.S. Dist. LEXIS 81451, at *8, and "none

of the factors indicative of presence have been demonstrated," Moreno v. Rowe, 910 F.2d 1043,

1046 (2d Cir. 1990).

And, Judge Maas correctly found that Plaintiff did not show that SNB "regularly acted

for Banco Safra in the State of New York" or that Banco Safra's "control of SNB was 'so

complete' as to render SNB 'merely a department' of Banco Safra [such that] personal

jurisdiction might exist."  (Report at 5); see J.L.B. Equities, Inc. v. Ocwen Fin. Corp., 131 F.

Supp. 2d 544, 550 (S.D.N.Y. 2001).

**(2)     Motion to Add Additional Defendant**

Judge Maas correctly concluded that Plaintiff's proposed amendment to join Joseph Safra

as a defendant would be "futile" because "there is no reason to believe that Mr. [Joseph] Safra

personally played any role in the transactions giving rise to this suit."  (Report at 7–8); see also

Novak v. Scarborough Alliance Corp., 481 F. Supp. 2d 289, 294 (S.D.N.Y. 2007).  "Plaintiff's

claim must [also] be dismissed because he fails to allege that [Joseph Safra] used his control of

[Banco Safra] to [P]laintiff's detriment." Kaplan v. Aspen Knolls Corp., 290 F. Supp. 2d 335,

340 (E.D.N.Y. 2003).

**Plaintiff's Objection Regarding Alleged Bias**

Plaintiff has offered no "reasonable basis for questioning [Judge Maas'] impartiality."

See United States v. Arena, 180 F.3d 380, 399 (2d Cir. 1999); see also Liteky v. United States,

510 U.S. 540, 555 (1994); In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001).  Judge Maas was the

Magistrate Judge randomly assigned to a case before United States District Judge Barbara S.

Jones in which Safra Asset Mangagement d/b/a Safra National Bank of New York was a

defendant.  (<u>See</u> Docket Sheet, case No. 08 Civ. 3366.)  The parties reached a settlement on July

25, 2008 and the case was closed.  (<u>See</u> Dkt. Entry [#8].)

"There is no evidence that [Judge Maas] had any favorable or unfavorable disposition in

this case based on any prior relationship with any of the parties, or knowledge of the case from

an extrajudicial source, that would support a finding of disqualifying bias."  <u>Teachers4Action v.</u>

<u>Bloomberg</u>, 552 F. Supp. 2d 414, 416 (S.D.N.Y. 2008).  And, Judge Maas' recommendation that

this case be dismissed does not support Plaintiff's Objection because "[a]dverse judicial rulings

do not constitute a valid basis for recusal."  <u>Hoffenberg v. Hoffman & Pollok</u>, No. 00 Civ. 3151,

2002 U.S. Dist. LEXIS 21138, at *5 (S.D.N.Y. Oct. 31, 2002) (citing <u>Liteky</u>, 510 U.S. at 555);

<u>see also</u> <u>Carter v. Artuz</u>, No. 95 Civ. 2361, 1999 U.S. Dist. LEXIS 14321, at *3 (S.D.N.Y.

Feb. 1, 1999).

### Application for Additional Discovery

Plaintiff argues, among other things, that further discovery "is now a priority to the

Plaintiff and with the Court's permission will set out to prove that Banco Safra [] does indeed

conduct billions of dollars of business in the U.S.A."  (Objections at 2.)  At the same time it

appears that, on or about September 18, 2008, "the parties agreed that jurisdictional discovery

has been completed."  (Order, dated Sept. 18, 2008 ("Discovery Order"), at 1.)  Because the

parties agreed that jurisdictional discovery had been completed, (Discovery Order at 1), and

"given that [Plaintiff] has not made a prima facie showing of jurisdiction, it would be

inappropriate to allow him discovery on this issue."  <u>Jin v. EBI, Inc.</u>, No. 05 Civ. 4201, 2008

U.S. Dist. LEXIS 25331, at *8 (E.D.N.Y. Mar. 31, 2008); <u>see also</u> <u>Kiobel v. Royal Dutch</u>

<u>Petroleum Co.</u>, No. 02 Civ. 7618, 2008 U.S. Dist. LEXIS 16592, at *42–43 (S.D.N.Y. Mar. 4,

2008) (citing <u>Jazini v. Nissan Motor Co. Ltd.</u>, 148 F.3d 181, 186 (2d Cir. 1998)) ("The Second

Circuit has cautioned . . . that courts should not permit additional jurisdictional discovery where plaintiffs have made only 'sparse' and 'conclusory' allegations of personal jurisdiction."); <u>Stutts v. The De Dietrich Group</u>, 465 F. Supp. 2d 156, 169 (E.D.N.Y. 2006).

## IV.   Conclusion and Order

The Court adopts Judge Maas's Report in its entirety, and, for the reasons stated herein and therein, Banco Safra's Motion to Dismiss [#28] is granted and Plaintiff's application for additional discovery [#55] is denied.  The case is hereby dismissed in its entirety and the Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
     March 10, 2009

**RICHARD M. BERMAN, U.S.D.J.**